**Douglas GROVES, Appellant (Defendant),**

v.

**STATE of Indiana, Appellee (Plaintiff).**

No. 2–1184A359.

Court of Appeals of Indiana, Second District.

June 27, 1985.

Kelly Leeman, Kelly Leeman & Associates, Logansport, for appellant.

Linley E. Pearson, Atty. Gen., Marguerite M. Sweeney, Deputy Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Chief Judge.

## CASE SUMMARY

Defendant-appellant Douglas Groves (Groves) appeals his conviction by the court of driving while intoxicated,[1] a class A misdemeanor, claiming that the evidence produced at trial was insufficient to prove that he was intoxicated while driving and that the trial court's ruling regarding proof of corpus delicti constituted reversible error.

We affirm.

## FACTS

The facts most favorable to the State show that at approximately 11:00 p.m. on January 19, 1984, State Trooper Mike Tarrh (Tarrh) responded to a report of a one-car accident on the grounds of the Logansport State Hospital. There, he observed that a Chevy Blazer, registered to Groves, had collided with a tree. Six to eight people were present including a security guard, personnel from the hospital, and Groves.

Groves, a resident and employee of the hospital, admitted that he was the driver of the vehicle. Tarrh testified that Groves's breath had an alcohol odor, his eyes were bloodshot, and his speech was slurred. In addition, Groves had difficulty with a balance test, during which he was made to stand on one foot with arms extended, and in touching his nose and walking heel-to-toe. The result of a breathalyzer test was excluded from evidence.

Tarrh was the only witness to testify at trial; Groves rested his case without testifying or presenting any evidence. Groves objected to the admission of his statement that he was the driver of the wrecked vehicle when the corpus delicti of driving while intoxicated had not yet been estab-

lished. The trial court ultimately allowed Groves's admission into evidence over his objection. Testimony by Tarrh regarding the time of the accident, however, was excluded as hearsay.

Taking the case under advisement, the trial court later entered its finding of guilty nunc pro tunc. At the time it entered its finding, the court also included a memorandum which discussed the applicability of the doctrine of corpus delicti to the charge of driving while intoxicated. Groves now appeals.

## ISSUES

As restated, Groves presents two issues for our consideration:

1. Whether the corpus delicti of driving while intoxicated was established before Groves's inculpatory statement, that he was the driver of the wrecked vehicle, was admitted by the trial court?

2. Whether the evidence was sufficient to support Groves's conviction of driving while intoxicated?

## DECISION

ISSUE ONE—Whether the corpus delicti of driving while intoxicated was established before Groves's inculpatory statement, that he was the driver of the wrecked vehicle, was admitted by the trial court?

PARTIES' CONTENTIONS—Groves argues that his incriminating statement, that he was the driver of the wrecked vehicle, was erroneously admitted into evidence without first establishing the corpus delicti of driving while intoxicated. In addition, he argues that the trial court's order book entry denying his motion to correct error constitutes reversible error.

The State responds that proof of Groves's identity as the driver of the wrecked vehicle was not part of the corpus delicti of driving while intoxicated and, in any event, sufficient evidence of the corpus

---

**1.** Ind.Code 9–11–2–2 (Supp.1984).

delicti was produced for purposes of admitting Groves's statement. The State also responds that the trial court's order book entry, when read in context, did not constitute reversible error.

CONCLUSION—Groves's identity as the driver of the wrecked vehicle was an essential element of the corpus delicti of driving while intoxicated, and sufficient corroborating evidence of Groves's identity as the driver was produced at trial for purposes of establishing the corpus delicti. The trial court did not err in its order book entry denying Groves's motion to correct error.

■ In order for a confession or out-of-court statement to be introduced at trial, the State must produce corroborating evidence of the corpus delicti. *Udchitz v. State* (1979), Ind.App., 398 N.E.2d 688; *see also Graham v. State* (1984), Ind., 464 N.E.2d 1; *Fleener v. State* (1980), 274 Ind. 473, 412 N.E.2d 778; *Cambron v. State* (1975), 262 Ind. 660, 322 N.E.2d 712. In proving the corpus delicti, "the prosecution must ordinarily show that (a) the injury or harm constituting the crime occurred [and] (b) this injury or harm was caused by someone's criminal activity.... The corroborating evidence need not tend to establish that the defendant was the guilty party." E. CLEARY, McCORMICK ON EVIDENCE § 145 (3d ed. 1984). Independent proof of the defendant's identity as the perpetrator of the crime is usually not required because such proof, along with the other elements of corpus delicti mentioned above, would constitute proof of the whole crime and would eliminate the value of confessions. *Jones v. State* (1969), 253 Ind. 235, 252 N.E.2d 572; *see also* E. CLEARY, *supra.*

■ Proof of the corpus delicti of a crime requires evidence that the crime in question has been committed by someone. There was proof before the trial court in this case that someone drove a motor vehicle while intoxicated, that "someone" being Groves, as he admitted he was the driver of the vehicle. But such evidence is

not the *corroborating* evidence required to establish the existence of the corpus delicti. The limitation on the use of admissions or confessions is based on their suspect nature, so that corroboration is required to guard against the conviction of innocent persons through false admissions or confessions. *See Cambron, supra.*[2]

■ Proof of the corpus delicti of any crime, for purposes of admitting the defendant's out-of-court statement, may be proven by circumstantial evidence and need not be proven beyond a reasonable doubt. *Graham, supra.*

■ In reviewing the record, we find sufficient corroborating evidence that Groves was the driver of the wrecked vehicle. Groves was found near the wrecked vehicle soon after the accident. In addition, Groves was the owner of the vehicle. This is sufficient corroborating proof to establish the corpus delicti of driving while intoxicated. *See State v. Hamrick* (1978), 19 Wash.App. 417, 576 P.2d 912.

Groves challenges the order book entry of August 22, 1984, in which the trial court denied his motion to correct error, as constituting reversible error. The trial court stated that the "corpus delecti [sic] need not be proven beyond a reasonable doubt either in order for the confession to be admitted or for a conviction to result...." *Record* at 45. Groves argues that this statement indicates he was convicted of driving while intoxicated on less than proof beyond a reasonable doubt. Groves's argument, however, fails when we examine the trial court's statement in the context of the entire holding. It is clear that the trial court employed the term corpus delicti in the narrow sense, referring only to the admission of a defendant's admissions or confession, and did not employ the term corpus delicti as the equivalent of proof of the entire crime. We find no error.

---

2. One noted authority has suggested, however, that the requirement of corroboration may have outlived its usefulness, in light of the development of other safeguards against unreliable confessions. E. CLEARY, *supra.*

ISSUE TWO—Whether the evidence was sufficient to support the conviction of driving while intoxicated?

PARTIES' CONTENTIONS—Groves contends on appeal that the evidence was not sufficient to establish that he was driving *while* intoxicated.

The State responds generally that sufficient evidence was produced at trial which proved that Groves was intoxicated at the time he was driving.

CONCLUSION—There was sufficient evidence from which the trial court could reasonably infer that Groves was driving a motor vehicle while intoxicated.

■ When faced with a question of sufficiency of the evidence, we do not weigh the evidence or judge the credibility of witnesses. We examine only the evidence and reasonable inferences from the evidence which are favorable to the conclusions of the finder of fact. If there is substantial evidence of probative value to support the conclusion of the finder of fact, the conclusion will not be disturbed. *McBrady v. State* (1984), Ind., 460 N.E.2d 1222. Reversal is only appropriate when reasonable persons would be unable to form inferences as to each material element of the offense. *Spears v. State* (1980), Ind.App., 412 N.E.2d 81.

■ The State was required to prove that Groves operated his vehicle *while* intoxicated. IC 9–11–2–2. "Intoxication, as a mental condition of temporary stupefaction, may be evidenced circumstantially . . . . by [a person's] *prior or subsequent condition* of intoxication within such a time that the condition may be supposed to be continuous." 2 J. WIGMORE, EVIDENCE IN TRIALS AT COMMON LAW § 235 (Chadbourn's Rev. 1979). Thus, a defendant's intoxicated condition at the time of the accident may be inferred from his or her subsequent observed state of intoxication.

■ Sufficient evidence was presented at trial from which the trial court could reasonably infer that Groves was intoxicated while driving. We find the facts here to be nearly identical to those in the recent case of *Brunes v. State* (1985), Ind.App., 475 N.E.2d 356. In *Brunes,* the First District of the Indiana Court of Appeals held that an accident could be inferred to be of recent origin when a crowd of people had gathered at the scene.

Groves's accident occurred near the entrance to and on the grounds of the Logansport State Hospital where he was employed and resided. *Record* at 89. Tarrh responded quickly to a radio dispatch concerning the accident. Upon arriving, Tarrh found Groves in an intoxicated condition standing in a crowd of six to eight people near the wrecked vehicle which he owned. *Record* at 108. Also present was a security officer from the hospital. *Record* at 89. Adopting the reasoning of *Brunes,* we find the evidence here sufficient to establish that the accident was of recent origin. The trial court could thus reasonably infer that Groves was intoxicated at the time he was driving.

Affirmed.

SULLIVAN and SHIELDS, JJ., concur.