**Brian CLARK, Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 53A01–8701–CR–10.**

Court of Appeals of Indiana,
First District.

Aug. 31, 1987.

William H. Kelley, Bunger, Robertson, Kelley & Steger, Bloomington, for defendant-appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendant-appellant, Brian G. Clark (Clark), was convicted by the Monroe Superior Court, Division IV, sitting without a jury, of the offense of operating a motor vehicle while intoxicated, under IND. CODE 9–11–2–2. From a sentence of imprisonment, probation, and a fine, he appeals.

We affirm.

## STATEMENT OF THE FACTS

All of the evidence in this case was presented in the testimony of Indiana State Police Officer Ron Pritchard. While on

routine patrol Pritchard received a radio dispatch to the effect that an automobile was off the road on four-laned State Highway 37 at the intersection of College Avenue near Bloomington, Monroe County, Indiana, and that a person was walking south on the highway toward Bloomington. Upon proceeding to investigate, Pritchard found the person, later identified as Clark, stopped, and asked Clark through the car window where he was going. Clark, in Pritchard's words, responded that "he had *just* [our emphasis] run his car off the roadway and it was stuck and that he was walking into Bloomington." *Record* at 87. The officer invited Clark into the patrol car to go back to Clark's stuck car. Upon Clark entering the patrol car Pritchard smelled a strong odor of alcohol on Clark's breath and noted that his eyes were watery and bloodshot. Upon Pritchard's request, Clark produced for inspection and identification his operator's license.

Pritchard then drove to the stuck 1986 burgundy-colored two-door Oldsmobile, which was identified by the way of radio intelligence as belonging to Clark. Pritchard, by radio, called for a wrecker, and when it arrived Clark produced, from his pocket, keys for the automobile. While waiting on the wrecker, Pritchard administered to Clark, without his objection, dexterity tests, consisting of walking, turning, a heel-to-toe test, and a finger-to-nose test, all of which Clark failed. Thereupon, the officer informed Clark that he had probable cause to believe Clark had been operating a motor vehicle while under the influence of alcohol. He offered Clark an intoxilyzer test, which Clark took without objection. The test registered .16, more than the .10 presumptive limit under IND. CODE 9–11–1–7. Based on observations made of the stuck car and the mud, and the fact it had been raining, Pritchard was of the opinion that the car had not been stuck for very long.

## ISSUES

Clark presents three issues for review, in which he contends:

I. Officer Pritchard did not have probable cause to stop and interrogate him and any evidence obtained as a result of the stop was inadmissible. Without such evidence there was insufficient evidence to support the conviction.

II. The State failed to prove the corpus delicti by independent, corroborating evidence.

III. The evidence was insufficient to sustain the conviction.

## DISCUSSION AND DECISION

### ISSUE I: *Probable Cause*

Clark argues that Officer Pritchard did not have probable cause to approach him and ask questions as he walked along the road. Therefore, all of the officer's evidence should have been excluded pursuant to his objection.

A police officer may make an initial or investigative stop of a person or automobile, under circumstances where probable cause for arrest is lacking, when the facts known to the officer at the time of the stop are such as to warrant a man of reasonable caution that an investigation is appropriate. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *Taylor v. State* (1980), 273 Ind. 558, 406 N.E.2d 247; *Broadus v. State* (1986), Ind. 487 N.E.2d 1298. A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time. *Adams v. Williams* (1972), 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612. The rule was explicitly stated in *Stallings v. State* (1970), 255 Ind. 365, 264 N.E.2d 618. In that case, the policeman dispatched to the scene of a homicide, upon meeting the defendant and without probable cause, immediately asked the defendant if he had shot the decedent, and the defendant answered in the affirmative. The supreme court, in finding no error in the admission of the evidence, stated:

The Supreme Court of the United States in the *Miranda* [*v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694] case at pages 477, 478 [86 S.Ct. at pages 1629, 1630] stated:

"... General on-the-scene questioning as to facts surrounding a crime or other general questioning of citizens in the fact-finding process is not affected by our holding. It is an act of responsible citizenship for individuals to give whatever information they may have to aid in law enforcement. In such situations the compelling atmosphere inherent in the process of in-custody interrogation is not necessarily present.

"In dealing with statements obtained through interrogation, we do not purport to find all confessions inadmissible. Confessions remain a proper element in law enforcement. Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. The fundamental import of the privilege while an individual is in custody is not whether he is allowed to talk to the police without the benefit of warnings and counsel, but whether he can be interrogated...."

The case at bar closely parallels a recent case decided by the Circuit Court of Appeals for the Fourth Circuit. In that case an officer had received communication concerning the identity of a person alleged to have stolen an automobile and a description of the stolen car. He observed a car fitting the description in front of a bar. He went inside where he found a man fitting the description of the alleged thief. He asked the suspect how long he had been in town, whether he owned a car, his means of transportation, whether he was employed, and finally whether he owned the automobile which was parked in front of the bar. In ruling that this testimony was proper in the absence of a prior *Miranda* warning, the Court stated:

"This court does not read *Miranda* as requiring officers to preface with a warning of non-coercive questioning conducted in the course of a routine investigation....

"... In the complete absence of the element of coercion, actual or potential, or police dominance of the individual's will, the mild police activity shown here should not prevent the introduction of statements freely made. The evils with which the Court was concerned in *Miranda* are not present here...."

*U.S. v. Gibson* (4th Cir., 1968), 392 F.2d 373, 376.

255 Ind. at 370–71, 264 N.E.2d at 621.

In *Broadus* and *Taylor* the investigative stops developed probable cause upon which arrests were then made. The cases of *State v. Johnson* (1987), Ind.App., 503 N.E.2d 431, and *State v. Hummel* (1977), 173 Ind.App. 170, 363 N.E.2d 227 are instructive. In *Johnson* the defendant, without any visible indications of either erratic driving behavior or driving while intoxicated, was stopped for exceeding the speed limit. In *Hummel* the defendant was involved in an accident. In both cases the defendants agreed to take the blood-alcohol test. This court held in both cases that because of the prior consent it was proper to admit the results of the test into evidence. *Johnson, supra* at 433; *Hummel, supra* 173 Ind.App. at 181–82, 363 N.E.2d at 235. In *Taylor* officers made an investigative stop of a car because of its suspicious actions, without having any knowledge of a robbery which had occurred or probable cause, and searched the car and its occupants at gunpoint. The court held that the evidence found, which was involved in a robbery for which the defendants were later prosecuted, was admissible. 273 Ind. at 562, 406 N.E.2d at 250.

This specific issue was addressed in *Orr v. State* (1984) Ind.App., 472 N.E.2d 627, *trans. denied,* a case involving a charge of driving under the influence causing death. The investigating officer at the scene of the accident and later at the hospital, elicited certain identification and other information from the defendant. The court held the rules relative to *Miranda,* and other rights, were not applicable to a general

on-the-scene investigation in a non-coercive atmosphere. *Id.* at 636; *see also Hatcher v. State* (1980), 274 Ind. 230, 410 N.E.2d 1187 (court held that *Miranda* warnings are not required prior to general on-the-scene questioning related to obtaining the facts of the crime).

■ Here, Officer Pritchard was dispatched to the scene of a possible accident where there was no prior indication of the commission of an offense. The questions he asked Clark were routinely investigative in nature, and were non-custodial. For all Officer Pritchard knew, a motorist may have been in distress. Quite reasonably, he was entitled to assume that the only person who was walking along that lonely stretch of highway not far from the automobile was a person connected with it, and so inquired. Consistent with the above authorities we hold that his actions were proper, and the trial court did not err in admitting the evidence, recited in the Statement of Facts, flowing from the initial contact.

## ISSUE II: *Corpus Delicti*

In this issue Clark argues that the State failed to establish that the corpus delicti of driving while intoxicated had been established independently of the admissions made to Officer Pritchard. The State, with some merit, argues that because no objection was made at trial concerning this issue, the question is waived. However, we desire to address this issue on the merits.

■ In order to avoid the risk of convicting someone of a crime to which he has confessed, but which never occurred, a confession must be excluded unless the State introduces corroborating evidence establishing the corpus delicti. This requires independent evidence, apart from the admission, that a criminal offense was committed by someone. The corroborating evidence may be circumstantial and need not be beyond a reasonable doubt. It is desirable that the corpus delicti be first established before the admission of the defendant is shown, but such is not necessary, for the order of proof is within the sound discretion of the trial court. *Cambron v.*

*State* (1975), 262 Ind. 660, 322 N.E.2d 712; *Groves v. State* (1985), Ind.App., 479 N.E.2d 626; *Sluss v. State* (1982), Ind.App., 436 N.E.2d 907.

In *Groves* the court applied the rule to proof of driving under the influence, and held as sufficient corroborating evidence the facts that the defendant was found near the wrecked vehicle of which he was the owner, in an intoxicated state, close to the time of the accident. 479 N.E.2d at 628.

■ In this case the independent corroborating evidence consisted of Clark walking along the deserted country road within a mile of the stuck Oldsmobile owned by him. Clark had keys for the car on his person. According to tests, both chemical and dexterity, he was intoxicated. Ownership of the car was proven by state registration records when Officer Pritchard radioed for confirmation of that fact. Pursuant to *Groves,* we find the evidence of corroboration sufficient to establish the corpus delicti independent of Clark's verbal admissions.

## ISSUE III: *Sufficiency of the Evidence*

The oft-cited standard of review is firmly established. On appeal, the reviewing court does not weigh the evidence, nor does it adjudge the credibility of the witnesses. We consider only the evidence most favorable to the State together with all reasonable inferences to be drawn therefrom, and if there is evidence of probative value to support the conclusion of the trial court, that decision will not be disturbed. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670.

■ The essence of Clark's argument in this issue is timing and impairment. Under the first argument he claims that, even if he were in a state of intoxication for purposes of this offense at the time the blood-alcohol test was made, there was no evidence of when he consumed the alcohol, nor any evidence of when he last operated the motor vehicle. The evidence shows that he was alone on a road in a rural area less than a mile from a stuck car owned by him. He told Officer Pritchard that *he had*

*just* run off the road. The officer testified that because of the rain and the mud it appeared that the car had not been stuck very long. We hold the evidence sufficient.

▪ As regards the impairment argument, Clark cites *Warner v. State* (1986), Ind.App., 497 N.E.2d 259. That case held that, in addition to the blood-alcohol test result being .10 or more, there must be some evidence that the defendant's driving was impaired.[1] 497 N.E.2d at 262. This case is readily distinguishable from *Warner* on the facts. In *Warner* the officer followed the defendant a considerable distance and did not observe any erratic driving behavior. Further, the defendant passed a dexterity test similar to one given here. Clark, in this case, did not pass the dexterity tests and had run his vehicle off the road. We hold that this is sufficient evidence of impairment in addition to the blood-alcohol test result of .16.

For the above reasons this cause is affirmed.

Judgment affirmed.

ROBERTSON, J., concurs.

SHIELDS, P.J., concurs with opinion and in result.

SHIELDS, Presiding Judge, concurring and concurring in result.

I join in the majority's affirmance of the trial court's judgment. Further, I fully concur in the majority's discussion and decision on Issue II involving the corpus delicti.

However, in addressing Issue I involving probable cause, the majority states: "Consistent with the above authorities we hold that [Officer Pritchard's] actions were proper, and the trial court did not err in admitting the evidence, recited in the Statement of Facts, flowing from the initial contact." While I certainly agree with the conclusion, I do so without regard to the authorities discussed by the majority. In my opinion, the encounter between Clark and Officer Pritchard was the type of con-

sensual contact not implicating Fourth Amendment interests. It was a one-on-one encounter, Pritchard in his automobile and Clark walking along a lonely stretch of highway in the rain and in the dark. Neither Pritchard's question nor Pritchard's "invit[ing] Clark into the patrol car to go back to Clark's stuck car," which Clark did, constituted a seizure which required specific, articulable facts indicating a crime had been committed or was about to be committed. Pritchard had done nothing to make Clark think he was not free to leave, and Clark did not have to answer the officer's questions. *See Florida v. Rodriquez* (1984) 469 U.S. 1, 105 S.Ct. 308, 83 L.Ed.2d 165; *Huey v. State* (1987), Ind.App., 503 N.E.2d 623.

Further, I am in complete agreement with the holding of *Warner v. State* (1986), Ind.App., 497 N.E.2d 259. Therefore, I concur in result with respect to Issue III concerning the sufficiency of the evidence.

---

1. Transfer was never requested in *Warner*. We disagree with the holding in that case. Never-

theless, it is not necessary to address that question on the facts of this case.