**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 18 2013, 5:37 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN P. WILSON**
Wilson & Wilson
Greenwood, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GREGORY CALVAIN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 41A01-1303-CR-116 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE JOHNSON CIRCUIT COURT
The Honorable K. Mark Loyd, Judge
The Honorable Richard L. Tandy, Magistrate
Cause No. 41C01-1208-CM-1409

**October 18, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHEPARD**, Senior Judge

Early one morning, a police officer gave eighteen-year-old Gregory Calvain a ride home and discovered that he had been drinking. Calvain was eventually found guilty of illegal consumption of an alcoholic beverage, a class C misdemeanor. Ind. Code § 7.1-5-7-7 (2012). He appeals, and we affirm.

FACTS AND PROCEDURAL HISTORY

The evidence favorable to the judgment revealed that at 5 a.m. on August 12, 2012, Deputy Scott Rautio was on patrol in Johnson County when he drove past Calvain. Calvain was wearing nonreflective clothing as he walked along the side of the road in the dark. Rautio was concerned that Calvain could be hit by a car, so he turned around and drove back to him.

Deputy Rautio asked Calvain if he was okay and if he needed a ride. Calvain explained that he was walking home from a birthday party. He accepted Rautio's offer of a ride, saying, "If I'm not going to be a burden or anything like that, yeah, give [me] a lift." Tr. p. 11. Calvain said he lived two miles away. Rautio patted down Calvain for weapons and found none. He also checked Calvain's identification and learned that Calvain was eighteen years old. Next, Rautio allowed Calvain to get into the back seat of his car.

As Rautio drove Calvain home, he noticed an odor of alcoholic beverage on Calvain's person. He asked Calvain about the smell, and Calvain said he had spilled gasoline on himself. Near the entrance to Calvain's neighborhood, Calvain asked Rautio to drop him off there, and said he would walk the rest of the way. At that point, Rautio

stopped the car and both of them got out. Rautio again asked Calvain if he had been drinking alcohol, and Calvain admitted that he had. Instead of driving Calvain home, Rautio took him to jail.

The case was tried to the bench. After the presentation of evidence and argument, the court found Calvain guilty and imposed a fine of $10, plus court costs of $166. This appeal followed.

DISCUSSION AND DECISION

Calvain claims there is insufficient evidence to sustain his conviction. Specifically, he says his admission that he had been drinking was obtained in violation of his *Miranda* rights, and that without his admission, there is no evidence he had consumed alcohol.

The Supreme Court held in *Miranda* that a person who is subjected to police questioning after being taken into custody must be provided with procedural safeguards effective to protect the constitutional privilege against self-incrimination. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). "The person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." *Id.*

As to whether an individual is in custody for *Miranda* purposes, "the ultimate inquiry is simply whether there [was] a 'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." *Stansbury v. California*, 511 U.S. 318, 322 (1994) (quoting *California v. Beheler*, 463 U.S. 1121, 1125 (1983)).

The encounter between Rautio and Calvain has the hallmarks of a consensual interaction, and we conclude that Calvain was not in custody when Rautio questioned him about alcohol consumption.  *See Clark v. State*, 512 N.E.2d 223, 227 (Ind. Ct. App. 1987) (Clark not in custody when officer stopped him as he walked along the road, asked him questions about a report of a vehicle in a ditch, and, upon inviting him into the police car to go to the vehicle, discovered that he smelled of alcohol).

Rautio's questioning of Calvain did not implicate his *Miranda* rights, so Calvain's confession was admissible.  There is sufficient evidence to sustain Calvain's conviction.

<u>CONCLUSION</u>

We affirm the judgment of the trial court.

Affirmed.

MATHIAS, J., and PYLE, J., concur.

4