# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 29 2018, 10:59 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bryan M. Truitt
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Garland P. Jeffers, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | May 29, 2018 <br><br> Court of Appeals Case No. <br> 64A03-1710-CR-2324 <br><br> Appeal from the Porter Superior Court <br><br> The Honorable William E. Alexa, Judge <br><br> Trial Court Cause No. <br> 64D02-1402-FB-1595 |

**Najam, Judge.**

## Statement of the Case

Garland P. Jeffers, Jr. appeals his conviction for robbery, as a Class B felony, following a jury trial. Jeffers raises a single issue for our review, namely, whether the State presented sufficient evidence to support his conviction. We affirm.

## Facts and Procedural History

On July 28, 2013, three black males robbed Low Bob's cigarette shop in Portage. Amy Halford and Jordan Breezley, two store employees, and Kristopher Kremke, a customer, were in the store at the time. Soon after the robbery, Breezley triggered an alarm, and police arrived shortly thereafter.

Kremke had observed the robbers' vehicle as a "blue or green" Dodge with a Wisconsin license plate number of 640TZE. Tr. Vol. 2 at 192. One of the responding officers ran that license plate number and identified the vehicle as belonging to a rental car company in Wisconsin. The officer contacted the company, and the company stated that Jeffers had recently rented the vehicle.

Halford and Breezley described one of the robbers as about 5'10" and heavier set with dark, heavy clothes. Halford got a "clear look at his face." *Id.* at 116. Later, she identified him from a recent Facebook photograph as Jeffers.

The State arrested Jeffers and charged him with robbery, as a Class B felony. Jeffers represented himself at his ensuing jury trial. At that trial, Halford testified and identified Jeffers as the robber whose face she had seen and added

that she could identify him "without a doubt or contradiction." *Id.* at 146. She also testified that she recognized Jeffers' "distinctive voice." *Id.* at 147.

[6] While incarcerated and awaiting his trial, Jeffers shared a jail cell with Reginald Edwards. During that time, Jeffers told Edwards that "he was involved" in the robbery at Low Bob's shop. Tr. Vol. 3 at 11. Jeffers stated that he "and a couple more guys" had committed the robbery and that they had taken "cigarettes and some money." *Id.* Edwards testified to those facts at Jeffers' jury trial.

[7] The jury found Jeffers' guilty as charged. The trial court entered its judgment of conviction against Jeffers and sentenced him accordingly. This appeal ensued.

## Discussion and Decision

[8] On appeal, Jeffers argues that the State failed to present sufficient evidence that he was one of the three robbers of Low Bob's store in July of 2013. Our standard of review on a claim of insufficient evidence is well settled:

> For a sufficiency of the evidence claim, we look only at the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh the evidence. *Id.* We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.*

*Love v. State*, 73 N.E.3d 693, 696 (Ind. 2017). The identity of the defendant as the perpetrator of the charged offense is of course an essential element of the

offense. *E.g.*, *Groves v. State*, 479 N.E.2d 626, 628 (Ind. Ct. App. 1985). And, here, Jeffers' challenge goes only to the State's proof of his identity rather than to any of the statutory elements of robbery.

[9]     The State presented sufficient evidence of Jeffers' identity as one of the three robbers of Low Bob's store in July of 2013. Halford, an employee of the store who was present during the robbery, got a "clear look" at Jeffers' face during the robbery, Tr. Vol. 2 at 116; she identified him in a recent Facebook photograph to police during their investigation of the robbery; and she identified him in court for the jury, noting that she had no doubt in doing so. She further testified that she recognized Jeffers' distinctive voice.

[10]    The State's evidence to the jury further included Jeffers' admissions to Edwards, his cellmate. Those admissions included not just Jeffers' participation in the robbery but an acknowledgement that he had engaged in the robbery with two other men and that they had stolen cash and cigarettes. And the State additionally demonstrated that the Wisconsin vehicle Jeffers had rented shortly before the robbery was used in the commission of the robbery.

[11]    Jeffers' arguments on appeal are merely requests for this court to disregard the evidence most favorable to the verdict and, instead, reweigh the evidence in a manner more favorable to Jeffers. We reject Jeffers' argument on appeal and will not reweigh the evidence. The State presented sufficient evidence that Jeffers was one of the three robbers, and we affirm his conviction.

[12]    Affirmed.

Robb, J., and Altice, J., concur.