Robert Forest JOHNSON, Appellant
(Defendant Below),

v.

The STATE of Indiana, Appellee
(Plaintiff Below).

No. 3–183A23.

Court of Appeals of Indiana,
Third District.

June 23, 1983.

Rehearing Denied July 28, 1983.

Richard E. Beers, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Following a bench trial, Robert Forest Johnson was found guilty of driving while intoxicated.[1]  Johnson appeals that conviction, raising three issues:

(1) Whether Johnson's driving justified the stop made by the police officer;

(2) Whether Johnson voluntarily consented to a breath analysis test;  and

(3) Whether the evidence is sufficient to support the finding of guilty.

Affirmed.

Indiana State Police Officer Lester King watched the car Johnson was driving make a right turn into the left lane, close to oncoming traffic, and move quickly into the right lane, then back into the left lane. Officer King followed Johnson for a short distance before stopping the car.  When he stopped Johnson, Officer King noticed a moderate odor of alcohol.  Johnson consented to a field test.  Based on the results of that test and the odor of alcohol, Officer King asked Johnson to accompany him to the City-County lock-up for a breath analysis test.  Johnson consented.  Officer King advised Johnson of the possible penalty for refusing to take a breath analysis test.

1. . IC 1976, 9–4–1–54(b) (Burns Code Ed., 1982   Supp.).

Johnson consented to the test, which was administered by Officer Brian Kistler. The test showed a blood alcohol content of 0.16 percent.

## I.

### Reason for Stop

Johnson contends that Officer King had no reasonable suspicion of any wrongdoing when he stopped Johnson's car and that, therefore, the stop was an unreasonable seizure under the Fourth Amendment and a violation of his due process rights. We do not agree. In reviewing the trial court's determination that the stop was legal, we will not reweigh the evidence nor judge the credibility of witnesses. Considering the evidence in the light most favorable to the trial court we must determine whether the evidence is sufficient as a matter of law to support that determination. *Jaremczuk v. State* (1978), 177 Ind. App. 628, 380 N.E.2d 615; *Collett v. State* (1975), 167 Ind.App. 185, 338 N.E.2d 286. In order to determine the constitutionality of a stop, the court must examine the articulable facts known to the officer at the time he made the stop and determine whether these facts and reasonable inferences drawn from them "reasonably warrant a suspicion of unlawful conduct." *Rutledge v. State* (1981), Ind., 426 N.E.2d 638, 641.

Officer King saw Johnson make a right hand turn into the left lane, close to oncoming traffic, and quickly change lanes twice. Erratic driving may provide the reasonable grounds required for a stop. *Jaremczuk v. State, supra; Davis v. State* (1977), 174 Ind.App. 433, 367 N.E.2d 1163, 1165. In addition, Johnson's turn violated IC 1976, 9–4–1–75 (Burns Code Ed., 1982 Supp.).[2] This violation, a class C infraction,[3] was committed in Officer King's presence. The facts known to Officer King were sufficient to justify the stop.[4]

## II.

### Admission of Test Results

Johnson contends that the results of his breath analysis test should not have been admitted into evidence because his consent to take the test was a product of coercion on the part of Officer King.[5] In general, the admission of evidence lies within the sound discretion of the trial court and will require reversal only if that discretion has been so abused as to deny the accused a fair trial. *Cf. Napier v. State* (1983), Ind., 445 N.E.2d 1361. The question of whether Johnson gave knowing and voluntary consent to the test was a matter for the trial court; if there is sufficient evidence to support the court's finding, we will find no abuse of discretion. *Clark v. State* (1978), 175 Ind.App. 391, 372 N.E.2d 185.

Johnson argues that the breath analysis test constituted a search and that his consent resulted from coercion because Officer King informed him of the possible penalty for failure to take the test. It is well-established that consent which is given freely and voluntarily, validates the search. Consent is voluntary if the defendant's will was not overborne by duress or coercion. Voluntariness is a question of fact, to be determined from all the surrounding cir-

---

**2.** IC 9–4–1–75 provides, in pertinent part:

"The driver of a vehicle intending to turn at an intersection shall do so as follows:

"(a) Both the approach for a right turn and a right turn shall be made as close as practical to the right-hand curb or edge of the roadway...."

**3.** IC 1976, 9–4–1–127.1 (Burns Code Ed., 1982 Supp.).

**4.** There is evidence that Johnson's erratic driving was not the sole basis for King's decision to stop Johnson. The erratic driving alone justifies the stop; King's knowledge of additional facts not on the record does not render the stop unconstitutional.

**5.** Johnson argues that his consent cannot be implied under IC 1976, 9–4–4.5–1 (Burns Code Ed., 1980 Repl.) because that statute allows consent to be implied for only *one* chemical test. He asserts that the field test he was given was a chemical test and that the statute applies only to that test. Because we hold that he voluntarily consented to the breath analysis test, we need not decide whether IC 9–4–4.5–1 applies.

cumstances. *Cato v. State* (1979), Ind., 396 N.E.2d 119, 123. In this case, Officer King made no promises and no threats; there is no evidence of physical force either used or threatened or of deliberate trickery. Officer King merely advised Johnson of the possible penalty for refusing to consent.[6] Johnson had cooperated with Officer King, he had consented to the field test, and he consented to accompany Officer King to the City-County lock-up for a breath analysis test. Knowledge of a possible penalty for refusal to submit to the test is not so inherently coercive as to negate his consent. The record contains sufficient evidence to support the trial court's determination; therefore, we find no abuse of discretion.

### III.

#### Sufficiency

 Finally, Johnson contends that the evidence is insufficient to support his conviction. His argument assumes that the results of the breath analysis test were inadmissible. We have determined that those results were properly admitted. The breath analysis results showed a blood alcohol content of 0.16 per cent. A reading of 0.10 per cent or more is prima facie evidence of intoxication. IC 1976, 9-4-1-54(g)(1) (Burns Code Ed., 1982 Supp.). It is undisputed that Johnson was operating a motor vehicle shortly before the breath analysis test was given. The evidence is sufficient to support his conviction.

Affirmed.

HOFFMAN, P.J., and GARRARD, J., concur.

---

**6.** IC 1976, 9-4-4.5-4 (Burns Code Ed., 1982 Supp.).