STATE of Indiana, Plaintiff-Appellant,

v.

Keith L. JOHNSON,
Defendant-Appellee.

No. 84A01-8604-CR-103.

Court of Appeals of Indiana,
First District.

Jan. 29, 1987.
Rehearing Denied Mar. 25, 1987.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for plaintiff-appellant.

William G. Smock, Terre Haute, for defendant-appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

The State appeals the judgment of the trial court suppressing the results of a breathalyzer test given to the defendant, Keith L. Johnson, pursuant to the Indiana Implied Consent Law, Indiana Code section 9–11–4–1 *et seq.* We reverse and remand for trial.

## FACTS

On September 11, 1984, Trooper Gary Matherly observed Johnson driving 70 miles per hour in a 55 mile per hour zone. Matherly stopped Johnson's car, asked to see Johnson's driver's license and registration, and requested that Johnson accompany the officer to his squad car, where he cited him for speeding. In the squad car, Matherly noticed a moderate odor of alcohol emanating from Johnson.

Matherly testified that Johnson had not been driving erratically, and he noticed nothing unusual about Johnson's speech or ability to walk. At Matherly's request, Johnson submitted to the testing of his breath by means of an alco-sensor device, which indicated that his blood-alcohol content (BAC) was .15%. Matherly then advised Johnson of the implied consent law and offered him a breathalyzer test, to which Johnson consented. The breathalyzer test indicated a BAC of .13%. Johnson was arrested and charged with operating a vehicle with .10% or more BAC, a class C misdemeanor, contrary to Indiana Code section 9–11–2–1, and with a second offense at operating a vehicle while intoxicated, a class D felony, Indiana Code section 9–11–2–2 and 9–11–2–3.

At the hearing on Johnson's pre-trial motion to suppress, the trial court sustained Johnson's objection to admission of the alco-sensor results. The court then granted Johnson's motion to suppress the breathalyzer results. Because the ultimate effect of the order is to preclude further prosecution of Johnson, the State appeals the trial court's order under the authority of Indiana Code section 35–38–4–2(5).

## ISSUES

The questions presented for our determination are (1) whether the court erred in excluding the results of the alco-sensor test, and (2) whether the court erred in suppressing the results of the breathalyzer test.

## DISCUSSION AND DECISION

■ Officer Matherly clearly had probable cause to suspect Johnson was driving while intoxicated or with a (BAC) of .10% or more. There is no question of the legality of the stopping of Johnson. The officer observed Johnson driving 70 miles per hour in a 55 mile per hour zone. Having observed a clear traffic violation, the officer's right to stop Johnson cannot be questioned. *Castle v. State* (1985), Ind.App., 476 N.E.2d 522 (police officer had a right and duty to stop vehicle after driver made an illegal turn). When the officer stopped the speeding car, he noticed an odor of alcohol emanating from Johnson. In our view, this alone was sufficient to give the officer probable cause to believe Johnson had been driving while intoxicated and to justify offering the breathalyzer test pursuant to the Indiana consent law. *See Hughes v. State* (1985), Ind.App., 481 N.E.2d 135 (defendant observed driving 87 m.p.h. in 55 m.p.h. zone, and had odor of alcohol about him; no evidence of any other erratic driving and defendant's speech was not impaired and he passed manual dexterity tests. Breathalyzer test showed .115% BAC. Evidence held sufficient to sustain conviction).

Although the precise question here has not been dealt with by Indiana courts, decisions from our sister states are instructive. In *Curry v. Goldberg* (1981), Mo.App., 614 S.W.2d 318, the arresting officer stopped

Curry for making a turn without signalling in violation of statute. The officer observed Curry's speech was slurred, his reactions were slow, his eyes were bloodshot, an open bottle of whiskey was in the car, and he smelled of alcohol. The Missouri court held the officer had reasonable grounds to believe Curry was driving while intoxicated, and observed that "[t]he fact that these objective symptoms were not observed until Curry was stopped for a traffic violation is inconsequential." 614 S.W.2d at 320.

 In addition to the officer's personal observation concerning the odor of alcohol, he asked Johnson if he had been drinking and Johnson admitted having consumed three drinks. Johnson then consented to the alco-sensor test which indicated a BAC of .15%. It was at this point that the officer offered the breathalyzer. The odor of alcohol plus the alco-sensor test clearly established probable cause. The trial court excluded the alco-sensor test, on the ground it was inadmissible because it was not approved by the department of toxicology, and, therefore, not admissible at trial. We agree that the alco-sensor test would not have been admissible *at trial*. However, it was not offered at trial. It was offered at the suppression hearing to show probable cause. Probable cause can be established by evidence which would not be admissible at trial. *Layman v. State* (1980), Ind.App., 407 N.E.2d 259, *trans. denied*. Further, we see no difference in the officer's use of the alco-sensor test than in the use of manual dexterity tests such as the finger-to-nose test, to determine intoxication, the use of which tests are unquestioned. Thus, the trial court erred in not admitting the alco-sensor test to establish probable cause.

 Probable cause having been established, the officer was justified in offering the breathalyzer test, and it was error to suppress the results. Further, Johnson consented to the breathalyzer. He may not now object to the results of the test being used against him. *State v. Hummel* (1977), 173 Ind.App. 170, 363 N.E.2d 227,

*trans. denied, cert. denied* 436 U.S. 905, 98 S.Ct. 2236, 56 L.Ed.2d 403.

 We do not mean to imply that, other than in a lawful roadblock, *see State v. Garcia* (1986), Ind., 500 N.E.2d 158, a police officer may stop a vehicle the driver of which has done nothing wrong, and, if he then observes indications of drinking, base probable cause upon such observation. But, where, as here, the officer stops the vehicle for a traffic offense which he observed, and then, following the lawful stop and incident thereto, he observes indications of drinking on the part of the driver, probable cause to believe the driver was driving while intoxicated is established, and the officer is justified in offering a breathalyzer test. Further, the breathalyzer test results are admissible at trial.

In this case, because probable cause was established, and additionally because Johnson consented to the breathalyzer, it was error to suppress the breathalyzer results for use at trial. For reasons previously stated, it also was error to exclude the alco-sensor test results at the suppression hearing.

Judgment reversed and cause remanded for trial.

NEAL, J., concurs.

ROBERTSON, J., dissents with separate opinion.

ROBERTSON, Judge, dissenting.

I respectfully dissent from the majority opinion.

The State raises two theories upon which it predicates error in the trial court's suppression order. First, the State contends that Johnson's alco-sensor results were admissible at the suppression hearing and could be used to support probable cause. The State also urges that even without considering the alco-sensor results, Officer Matherly had probable cause to believe Johnson had committed an alcohol-related driving offense, and that Johnson's consent

to the breathalyzer test obviated the need to show probable cause.

IND. CODE 9-11-4-5(d) states:

Results of chemical tests that involve an analysis of a person's breath are not admissible in a proceeding under this article if:

(1) the test operator;
(2) the test equipment;
(3) the chemicals used in the test, if any; or
(4) the techniques used in the test;

have not been approved in accordance with the rules adopted under subsection (a). [respecting standards for breath tests adopted by the department of toxicology at Indiana University].

The parties concede that the alco-sensor test is a chemical test under the definition contained in I.C. 9-11-1-3:

"Chemical test means an analysis of a person's blood, breath, urine, or other bodily substance for the determination of the presence of alcohol, a controlled substance, or a drug."

Although the alco-sensor is a chemical test, it has not been approved by the department of toxicology, and results of the alco-sensor are inadmissible at trial.

The State contends that the phrase "in a proceeding under this article" contained in 9-11-4-5(d) contemplates a criminal trial, but not a suppression hearing because the hearing does not arise directly from the crime charged under I.C. 9-11-2, but is merely a mechanism for enforcing constitutional rights. The State distinguishes similar language found in I.C. 9-11-4-15:

At any proceeding concerning an offense under I.C. 9-11-2, evidence of the amount by weight of alcohol that was in the blood of the person charged with the offense at the time of the alleged violation, as shown by an analysis of his breath, blood, urine, or other bodily substance, is admissible. [emphasis supplied]

I am not persuaded that the slightly different language "At any proceeding concerning an offense" includes a suppression hearing, as the State contends, while the language in I.C. 9-11-4-5(d) does not. Nevertheless, it is clear that even if the alco-sensor results are admissible at a suppression hearing, police must nevertheless have probable cause to believe that a person has committed an offense under [I.C. 9-11-2] when he offers that person any chemical test:

A law enforcement officer who has probable cause to believe that a person has committed an offense under this article shall offer the person the opportunity to submit to a chemical test. It is not necessary for the law enforcement officer to offer a chemical test to an unconscious person. A law enforcement officer may offer a person more than one (1) chemical test under this chapter. However, all tests must be administered within three (3) hours after the officer had probable cause to believe the person committed an offense under IC 9-11-2. A person must submit to each chemical test offered by a law enforcement officer in order to comply with the implied consent provisions of this chapter.

I.C. 9-11-4-2 (emphasis supplied).

There are no statutory provisions which authorize the use of a preliminary breath test when the officer possesses some belief less than probable cause that a person has committed an alcohol-related driving offense. Therefore, an officer must have probable cause before offering an alco-sensor test. Moreover, the burden is on the State at the suppression hearing to establish that the officer had probable cause. Cheeks v. State (1973), 155 Ind.App. 277, 292 N.E.2d 852.

The Court of Appeals will affirm the trial court order suppressing evidence if any valid ground exists to support it. State v. McLaughlin (1984), Ind.App., 471 N.E.2d 1125. Conflicts in evidence presented on a motion to suppress are resolved by the trial judge conducting the hearing; and as in other sufficiency reviews, we look to the evidence and reasonable inferences sup-

portive of his determination. *Brandon v. State* (1978), 268 Ind. 150, 374 N.E.2d 504.

The facts supporting probable cause, the State claims, are that Johnson was speeding, that Matherly detected a moderate odor of alcohol about Johnson, and that, prior to Matherly's offering the alco-sensor test, Johnson admitted having had three drinks. This last fact was disputed; the record shows that Johnson testified he only admitted to drinking three drinks after he was placed under arrest. In view of our standard of review, we may consider only the fact of Johnson's speeding and the odor of alcohol on Johnson, while deferring to the trial court's assessment of the demeanor and credibility of the witnesses regarding the timing of Johnson's comment.

Probable cause for an arrest is defined to be facts and circumstances known to the arresting officer which would warrant a man of reasonable caution and prudence in believing that the accused had committed or was committing a criminal offense. *Luckett v. State* (1972), 259 Ind. 174, 284 N.E.2d 738. I would hold that the moderate odor of alcohol on Johnson, coupled with the fact of Johnson's speeding, could not have constituted probable cause for Matherly to believe that Johnson had committed an offense under I.C. 9–11–2. On this point, *Clark v. State* (1978), 175 Ind. App. 391, 372 N.E.2d 185 can be distinguished. In *Clark*, the trooper had probable cause to believe that Clark was driving while intoxicated as a result of facts gleaned from the trooper's investigation of an accident which indicated Clark was responsible, coupled with the odor of alcohol on Clark's breath. In contrast is *Irwin v. State* (1978), 178 Ind.App. 676, 383 N.E.2d 1086, in which the court found that the mere odor of alcohol on defendant's breath and his admission that he had recently consumed beer were insufficient to cause an officer to reasonably infer that defendant was intoxicated in violation of the public intoxication statute.

Here, speeding 15 m.p.h. over the speed limit would have only a slight tendency to support a finding of probable cause to believe Johnson was violating I.C. 9–11–2. In the absence of more facts supporting probable cause, such as watery, bloodshot eyes, motor impairment, slurred speech, or a strong odor of alcohol, I would hold that the trial court did not err in finding that the odor of alcohol on Johnson was insufficient to show probable cause. *See Porter v. State* (1979), 271 Ind. 180, 391 N.E.2d 801; *Hampton v. State* (1984), Ind.App., 468 N.E.2d 1077.

The State maintains that because Johnson actually consented to the chemical tests and impliedly consented by virtue of his driving on Indiana highways, the prosecutor did not need to show probable cause to arrest Johnson. I would hold that the taking of Johnson's breath sample, without probable cause to arrest him, cannot be justified on the basis of his actual or implied consent to the tests.

In *Clark v. State*, 372 N.E.2d 185, this court held that the trooper's request that defendant Clark submit to a chemical test was justified where the trooper had probable cause to believe that Clark was driving under the influence of alcohol. *See Schmerber v. California* (1966), 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908. It is clear that the implied consent provision, I.C. 9–11–4–1, when read in conjunction with the other provisions of the implied consent law, is operative when the officer offers a chemical test upon probable cause to arrest the defendant for an offense under I.C. 9–11–2. *See* I.C. 9–11–4–2; 9–11–4–8. Therefore, Johnson could not have given his "implied consent" to the chemical tests here.

Citing *Johnson v. State* (1983), Ind.App., 450 N.E.2d 123, the State also argues that Johnson in the instant case gave his actual consent to the chemical tests, and did so freely and voluntarily. In *Johnson*, where there was no issue as to lack of probable cause, the court held that knowledge of a possible penalty for refusal to submit to a chemical test is not so inherently coercive as to negate consent. The court held that evidence of the result of Johnson's test was

admissible at his trial. *See also Hensley v. State* (1969), 251 Ind. 633, 244 N.E.2d 225.

However, an entirely different matter is presented in this case, where the officer did not have probable cause to arrest Johnson for an offense under I.C. 9–11–2, and instead seeks to use the results of the alcosensor test to support probable cause. I do not believe that a defendant has given his consent to a chemical test freely and voluntarily when probable cause for an arrest is absent, since a defendant could not have his license suspended for failure to consent under the implied consent law in the absence of probable cause.

The case of *State v. Hummel* (1977), 173 Ind.App. 170, 363 N.E.2d 227 appears to be contrary to our holding here. This court concluded in *Hummel* that Hummel's blood sample was not illegally seized, because he consented to the test, and the results thereof could be considered by a magistrate in determining the existence of probable cause to issue an arrest warrant. To the extent that *Hummel* holds that consent to a chemical test offered to a defendant in the absence of probable cause is voluntarily given, it should be overruled. However, in *Hummel,* the affidavit supporting probable cause recited that witnesses saw defendant Hummel crash into the rear of a horse-drawn buggy, and that the affiant smelled alcohol on Hummel's breath at the scene of the fatal accident. These facts would support probable cause, without consideration of the blood test.

I would affirm the judgment.