978 F.2d 1261
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert A. COLLINS, Plaintiff/Appellant,
v.
Michael L. SPOSEEP, et al., Defendants/Appellees.
 No. 91-1965.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 14, 1992.*
Decided Oct. 23, 1992.
 
 Before FLAUM, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 The district court dismissed Robert Collins's suit filed under 42 U.S.C. § 1983 for failure to state a claim upon which relief could be granted. Fed.R.Civ.P. 12(b)(6). He appeals that dismissal. The district court addressed Collins's complaints quite adequately and we affirm its decision for the reasons stated in the order of the district court, which is attached. To the extent that Collins appeals the court's denial of his motion for a change of venue, we also affirm. Collins did not file a timely and sufficient affidavit to support his motion, 28 U.S.C. § 144, so the court correctly denied the motion. The judgment of the district court is AFFIRMED, and Collins's request for sanctions under Circuit Rules 31(c) & (d) is DENIED.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 NORTHERN DISTRICT OF INDIANA
 SOUTH BEND DIVISION
 
 2
 ROBERT ALLEN COLLINS, Plaintiff,
 
 
 3
 vs.
 
 
 4
 MICHAEL L. SPOSEEP, et al., Defendants.
 
 CAUSE NO. S90-519 (RLM)
 March 28, 1991
 MEMORANDUM AND ORDER
 
 5
 Plaintiff Robert Allen Collins has filed this civil rights action pro se pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution were violated in the course of his arrest for drunk driving and ensuing state criminal proceedings. He sues the state trial judge and prosecutor, the county sheriff's department and four of its officers, and his attorney. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1343. Each defendant has moved to dismiss, and Mr. Collins has filed a motion for discovery pursuant to Federal Rules of Civil Procedure 34 and 35. For the reasons that follow, the court grants the dismissal motions, rendering the discovery motion moot.
 
 
 6
 Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that state no actionable claim. In the separate motions to dismiss of the defendants, the court will consider Mr. Collins' factual allegations as true and viewed in a light most favorable to him. Scheuer v. Rhodes, 416 U.S. 232 (1974); Gomez v. Illinois State Board of Education, 811 F.2d 1030 (7th Cir.1987); Vaden v. Village of Maywood, Ill., 809 F.2d 361, 363 (7th Cir.), cert. denied, 482 U.S. 908 (1987); Hampton v. City of Chicago, 484 F.2d 602 (7th Cir.1973), cert. denied, 415 U.S. 917 (1974). The motions to dismiss will not be granted under these circumstances unless it appears beyond doubt that Mr. Collins can prove no set of facts which would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69 (1984); Conley v. Gibson, 355 U.S. 41 (1957); Gomez v. Illinois State Board of Education, 811 F.2d 1030 (7th Cir.1987); Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir.1985), cert. denied, 475 U.S. 1047 (1986); French v. Heyne, 547 F.2d 994 (7th Cir.1976).
 
 I.
 
 7
 The following facts have been submitted, in large part, by Mr. Collins. For purposes of the dismissal motions, the court presumes the truth of Mr. Collins' factual allegations.
 
 A.
 
 8
 On August 8, 1989, at approximately 12:00 midnight, Mr. Collins was returning from the Allen County Library in Fort Wayne, Indiana when he stopped at a Wabash County restaurant for coffee and a "bite to eat". Upon entering the restaurant, Mr. Collins noticed Wabash County Police Officers John Blakely and Darrell Stanley and another individual whom he later discovered was Reserve Officer Brian Haupert. Mr. Collins took a seat and placed his order. Six to eight patrons were in the restaurant at that time.
 
 
 9
 While Mr. Collins awaited his order, Officer Blakely made some "smart remarks" and looked in Mr. Collins' direction. Mr. Collins walked over to where the officers were seated at the counter and inquired about the training of officers in making lawful arrests. Officer Blakely then referred to Mr. Collins as
 
 
 10
 ... the asshole pro se attorney with the knowledge of knowing he had been used as a witness against me as defendant in one State Criminal Prosecution, which required several of his personal appearance in the Wabash County Court, and Blakely was again used in a Civil Case in Wabash Circuit Court as a witness against me ...
 
 
 11
 During Mr. Collins' conversation with the officers, he reports that they insulted him, reprimanded him for bothering them on their break, and used intimidating language towards him, including threatening to arrest him.
 
 
 12
 After some time, Mr. Collins walked away from the officers and proceeded to the bathroom. He then returned to his table, ate his meal, drank several cups of coffee, and proceeded to the counter to pay his tab. While he waited to settle his bill, the officers stood up and waited behind him to pay their bill. Mr. Collins decided not to leave because he heard one of the officers remark, "wait until we get outside", in relation to him. Mr. Collins again sat at his table and ordered more coffee.
 
 
 13
 After the officers left the restaurant and Mr. Collins had consumed several more cups of coffee, he paid his bill and left the restaurant. He reports that approximately one half hour elapsed between the officers' exit and his own. As Mr. Collins drove his car from the restaurant's parking lot, he noticed that Officer Stanley was following him. The officers tailed him for about six miles, after which Officer Blakely's vehicle signaled for Mr. Collins to pull over. Officer Blakely then arrested him for "D.W.I., O.P.W.I., Operating a vehicle with .10% or more blood alcohol. Reckless driving, Unreasonable High Speed, Disregarding a Stop Sign, et al."
 
 
 14
 Mr. Collins alleges that during this arrest, Officer Blakely threatened the plaintiff and used physical force.
 
 B.
 
 15
 Following his arrest, Mr. Collins was taken to the Wabash County Jail where he was incarcerated pending an initial appearance before a judge. Officer Blakely filed an affidavit of probable cause for the arrest with the Wabash County Court Clerk on August 8, 1989, which recites:
 
 
 16
 On August 8, 1989 at approximately 1:00 a.m. while working as a full time deputy for the County of Wabash, I observed and took the following action: I was in the area of US 24 and SR 13 when Officer Stanley called me by radio advising me of a vehicle east bound on US 24 in the westbound lane. I proceeded east on 24 along with Officer Stanley in front of me as we were attempting to catch up with the above mentioned vehicle. We then turned northbound on CR 100 East and the above 1984 Brown Chev was a high rate of speed, I was having extreme difficulty catching up with the vehicle. The vehicle then turned eastbound on CR 200 North still exceeding 80 mph I turned on my red lights and siren and called dispatch to advise I was in pursuit of the above vehicle. The Brown Chev then ran the stop sign located CR 200 N and CR 300 E, and proceeded southbound on CR 300 East, continuing at a high rate of speed, as I continued with red lights and siren on and blinking my headlights off and on, the vehicle then pulled over slowly approx one-half mile south of CR 200 N on CR 300 E. I paced the vehicle approx 3 miles in excess of 80 mph. I pulled in front of the vehicle, to block him off and Stanley pulled behind the suspect vehicle. I told the driver to get out of his vehicle and put his hands on the car. He did so but very slowly. I advised him to give me his license and registration, and told him he was under arrest for fleeing the police, Mr. Collins had a strong odor of alcoholic beverage on his breath, bloodshot eyes, unsteady on his feet, and slurred speech.
 
 
 17
 Deputy Stanley offered Mr. Collins a breath test but he would not blow into the alcha sensor, Mr. Collins was cuffed and Stanley transported Mr. Collins to the jail where he was read the Miranda and Implied Consent. Mr. Collins advised he would take the breath test. He was also given a field test that he failed. Mr. Collins gave Stanley two insufficient samples then on the third try he tested .15BAC and was arrested for DWI. Mr. Collins was uncooperative, and kept threatening to sue everyone.
 
 
 18
 He was also arrested for reckless driving, unreasonable high speed, disregarding the stop sign at 200 N and 300 E, fleeing the police, left of center when not permitted, traveling eastbound on US 24 in the westbound lane.
 
 
 19
 There were several empty Budweiser beer cans found in the Collins vehicle, and four full ones.
 
 
 20
 Officer Blakely completed informations for two criminal charges against Mr. Collins on August 8, 1989: operating a vehicle while intoxicated, a Class "A" misdemeanor, and operating a vehicle with .10% or more blood alcohol, a Class "C" misdemeanor.
 
 
 21
 Mr. Collins came before Judge Michael Sposeep on August 8, 1989 at which time the judge suspended the plaintiff's driver's license for 180 days. Judge Sposeep was a named defendant in four civil rights actions pending in the Northern District of Indiana (Cause Nos. S85-709, S86-478, S86-673, and S90-75) and had presided over other criminal cases in which Mr. Collins was a defendant in the Wabash County Court, namely WCC 84-622, 623, 624, WCC 86-1048 and 1049.
 
 
 22
 Mr. Collins remained incarcerated pending the criminal trial proceedings in his case. Upon Mr. Collins' request for counsel, the court appointed Attorney Alan Zimmerman to represent him in the proceedings and rejected Mr. Collins' request for counsel from the State Public Defender's Office. Trial in the criminal case arising from the above events was delayed four times upon the prosecutor's motion. During those delays, Mr. Collins was moved from "detention at C.I.C." to the Wabash County Jail upon Judge Sposeep's order.
 
 
 23
 On October 25, 1990, a Wabash County Court jury found Mr. Collins guilty of driving while intoxicated.
 
 II.
 
 24
 Mr. Collins raises four claims against the various defendants in his complaint. In his first claim, Mr. Collins charges the Wabash County Sheriff's Department, Sheriff Larry Rice, Deputies Blakely and Stanley, and Reserve Officer Haupert with an illegal arrest of his person in violation of the Fourth Amendment. Next, he accuses Deputy Prosecutor Marvin Horine, Judge Sposeep, and Mr. Zimmerman with violating his Fifth Amendment right to a fair and impartial trial. He further charges Judge Sposeep with violating his right to be free from cruel and unusual punishment under the Eighth Amendment. Finally, Mr. Collins charges Judge Sposeep with violation of his due process right in denying him a change of venue in his criminal case, a right claimed under IND.CODE 35-36-5-1.
 
 
 25
 In addition to those claims articulated in the complaint, Mr. Collins appears to raise additional ones as well. He also has charged defendants Blakely, Stanley, and Haupert with the use of excessive force in his arrest in violation of the Fourth Amendment and improper use of the breathalyzer test in violation of his due process right. Mr. Collins also seeks to enjoin the defendants from pursuing further criminal actions against him.
 
 
 26
 The defendants have argued that none of these allegations state a claim for relief under federal law. Accordingly, the defendants seek dismissal of Mr. Collins' action pursuant to Federal Rule of Civil Procedure 12(b)(6).
 
 III.
 
 27
 Mr. Collins brings this action pursuant to Section 1983 of Title 42 of the United States Code. To prevail on a claim under § 1983, a plaintiff must establish (1) that he held a constitutionally protected right; (2) he was deprived of that right in violation of the Constitution; (3) the defendants intentionally caused the deprivation; and (4) the defendants acted under color of state law. Patrick v. Jasper County, 901 F.2d 561, 565 (7th Cir.1990); Donald v. Polk County, 836 F.2d 376, 379 (7th Cir.1988). As discussed above, Mr. Collins asserts claims arising under four amendments to the United States Constitution.
 
 A.
 
 28
 Judge Sposeep has moved to dismiss Mr. Collins' action pursuant to Federal Rule of Civil Procedure 12(b)(6). Mr. Collins' complaint alleges that Judge Sposeep violated his constitutional rights in three ways. First, Mr. Collins argues that Judge Sposeep violated his Fifth Amendment right to a fair and impartial trial because the judge acted with "malice conduct" towards him in this and other criminal proceedings and that the judge acted in such a way in retaliation for Mr. Collins' civil actions against Judge Sposeep. Second, Mr. Collins argues that Judge Sposeep violated his Eighth Amendment right to be free from cruel and unusual punishment by incarcerating him pending trial, after Mr. Collins had posted a bond and in the face of "malice intent by prosecutor and Wabash Sheriff deputies John Blakely and Darrell Stanley" in his case. Finally, Mr. Collins charges Judge Sposeep with violating his due process rights under the Fourteenth Amendment by erroneously denying him a change of venue from that officer's court
 
 
 29
 ... knowing that he [Sposeep] is listed as a defendant in civil rights cases filed by the same plaintiff in the U.S. District Court, whereas Sposeep is in violation of the Indiana Rules of Court, Rule 13, Sec. 9, and Article 1, Sect. 12, and Article 1, Sec. 13 of the Indiana State Const.
 
 1.
 
 30
 Judges are immune from claims for damages arising out of their judicial actions within their jurisdiction. Forrester v. White, 108 S.Ct. 538 (1988); Stump v. Sparkman, 435 U.S. 349 (1978); Pierson v. Ray, 386 U.S. 547 (1967). Mr. Collins' allegations address conduct central to duties undertaken by Judge Sposeep as a judicial officer; therefore, the claims are barred by the doctrine of judicial immunity.
 
 
 31
 Mr. Collins was incarcerated pending trial based on a determination made by Judge Sposeep as the presiding judge in the plaintiff's criminal case. Moreover, Judge Sposeep's rulings in Mr. Collins' criminal case, including the appointment of Attorney Zimmerman, involved discretion of a judicial nature warranting immunity. Oshe v. Hughes, 816 F.2d 1144 (7th Cir.1987); McMillan v. Svetanoff, 793 F.2d 149 (7th Cir.1986). Even if Judge Sposeep's decisions to incarcerate Mr. Collins, to delay commencement of his trial on several occasions, and to appoint Mr. Zimmerman as his counsel were erroneous, such errors do not deprive the judicial officer of immunity for conduct made within judicial discretion. As the Forrester Court stated, "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits." Forrester, 108 S.Ct. at 544.
 
 
 32
 Mr. Collins argues that Judge Sposeep deprived him of due process by ignoring his state-created right to a change of venue in his criminal case. He relies on the following statute:
 
 
 33
 In any criminal action, either the defendant or the state is entitled as a substantive right to a preemptory change of venue from the judge without specifically stating the reason. The defendants or the state may obtain a change of judge under this section by motion filed in a manner and within the time limitations as specified in the Indiana Rules of Criminal Procedure. Each party is entitled to only one (1) change of judge under this section.
 
 
 34
 IND.CODE 35-36-5-1. This statute, however, is without force and effect to the extent it conflicts with Indiana's Criminal Rule 12. State ex rel. Jeffries v. Lawrence Circuit Court, 467 N.E.2d 741 (Ind.1984). Rule 12 requires a showing of bias for entitlement to a change of judge. Lasley v. State, 510 N.E.2d 1340, 1341 (Ind.1987); Stanger v. State, 545 N.E.2d 1105, 1118 (Ind.App.1989). Indiana trial courts are vested with discretion in determining whether to grant a motion for change of judge. Coates v. State, 534 N.E.2d 1087, 1091 (Ind.1989); Gary v. State, 471 N.E.2d 695, 698 (Ind.1984). In light of the discretion attendant upon the state-created "right", Mr. Collins had no liberty or property interest in a change of judge and so has neither a due process claim, see Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454 (1989); see also Washington v. Harper, 110 S.Ct. 1028 (1990) (state can create right, but cannot define procedure), nor a rebuttal to the claim of judicial immunity.
 
 
 35
 Accordingly, the claims against Judge Sposeep must be dismissed.
 
 B.
 
 36
 Mr. Collins contends that Deputy Prosecutor Marvin Horine violated Mr. Collins' Fifth Amendment right to a fair and impartial trial in prosecuting him with "malice conduct". In his motion to dismiss, Deputy Prosecutor Horine argues that he is entitled to immunity for actions conducted while he was a prosecutor in Mr. Collins' criminal case. The court agrees.
 
 
 37
 In Imbler v. Pachtman, 424 U.S. 409 (1976), the Supreme Court held that "in initiating a prosecution and in presenting a State's case, the prosecution is (absolutely) immune from a civil suit for damages under § 1983." Imbler, 424 U.S. at 431. While those investigative activities of a prosecutor are accorded only a qualified immunity, those actions which are an "integral part of the judicial process" are afforded absolute immunity from civil suit. Imbler, 424 U.S. at 430.
 
 
 38
 Mr. Collins contends that Deputy Prosecutor Horine violated his Fifth Amendment right to a fair and impartial trial. Mr. Collins' complaint and responses to the motion to dismiss demonstrate that the allegations against Mr. Horine relate solely to his conduct as a prosecutor in the state criminal trial. Deputy Prosecutor Horine is immune from civil actions arising from that conduct. Mr. Horine's motion for dismissal, therefore, is well-taken and will be granted by this court.
 
 C.
 
 39
 Defendant Alan Zimmerman seeks dismissal of Mr. Collins' allegations against him on the grounds that he is not an official acting under color of law, liable under § 1983. Mr. Collins has not addressed this defense in his responses to the motions to dismiss. The court agrees that the plaintiff has no claim for relief under § 1983 against Mr. Zimmerman.
 
 
 40
 The Supreme Court has held that a public defender does not act under color of law when performing the traditional function of an attorney for an indigent party to a state criminal proceeding. Polk County v. Dodson, 454 U.S. 312 (1981). Mr. Collins' only allegations against Mr. Zimmerman arise from the attorney's performance as Mr. Collins' counsel in his criminal case.
 
 
 41
 Mr. Collins' complaint alleges no conduct under color of state law. Accordingly, even when the complaint is construed most generously in his favor, Haines v. Kerner, 404 U.S. 519 (1972), Mr. Collins can prove no set of facts in support of his claim that would entitle him to relief on his claim against Mr. Zimmerman.
 
 D.
 
 42
 The Wabash County Sheriff's Department, Sheriff Larry Rice, Deputy John Blakely, Deputy Darrell Stanley, and Reserve Officer Brian Haupert ("the Wabash County defendants") have all moved to dismiss Mr. Collins' claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). Mr. Collins claims that the Wabash County defendants violated his Fourth Amendment rights in two ways: by arresting him without probable cause and by the use of excessive force in that arrest.
 
 
 43
 These defendants present several arguments in support of their motion. The Wabash County defendants first contend that neither the Department nor Sheriff Rice can be held responsible for Mr. Collins' complaints for want of the personal involvement of that entity and its chief. They also point out that Mr. Collins has failed to allege facts concerning either a policy or custom of the Wabash County Sheriff's Department that would render that entity and its officials responsible in a § 1983 action. Officers Blakely, Stanley, and Haupert all assert that they are entitled to qualified immunity in this case since their conduct with respect to Mr. Collins was reasonable within their discretion as law enforcement officers. The Wabash County defendants further claim that Mr. Collins is collaterally estopped from asserting a lack of probable cause in his arrest in light of his state court conviction on the charge.
 
 1.
 
 44
 With the exception of Sheriff Rice, Mr. Collins' complaint does not state whether the officer defendants are sued in their official or individual capacities. The Eleventh Amendment bars suits for damages against state officials acting in their official capacities. See Kolar v. City of Sangamon, 756 F.2d 564 (7th Cir.1985). To construe this pro se complaint as naming the defendants only in a capacity that would foreclose suit would be inconsistent with the principle that pro se complaints are to be construed generously in the plaintiff's favor. See Abdul-Wadood v. Duckworth, 860 F.2d 280, 287-288 (7th Cir.1988); see also Hill v. Shelander, No. 90-1363 (7th Cir. Feb. 12, 1991). Accordingly, the court concludes that Mr. Collins sues Deputy Sheriffs Blakely and Stanley and Reserve Officer Haupert in both their personal and official capacities.
 
 
 45
 Since the official capacity claims against the deputy sheriffs and the reserve officer are the equivalent to suits against the county that employs them, Kentucky v. Graham, 473 U.S. 159 (1985), analysis of the claims against the county sheriff's department resolves the official capacity claims. Accordingly, the court will treat the allegations against the officers as claims against them as individuals.
 
 2.
 
 46
 Mr. Collins' complaint states no claim for relief against either the Wabash County Sheriff's Department or Sheriff Rice. Accordingly, their motion to dismiss will be granted.
 
 
 47
 Mr. Collins' claims against the Sheriff's Department and Sheriff Rice in his official capacity are both claims against the county government. To succeed on those allegations, the plaintiff first must establish liability in accordance with applicable case law.
 
 
 48
 A municipality may be liable under § 1983 when its official policies or customs cause its employees to violate another's constitutional rights. Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978); City of Canton v. Harris, 489 U.S. 378 (1989); Sims v. Mulcahy, 902 F.2d 524 (7th Cir.1990). But the policy or custom undergirds the liability; the doctrine of respondeat superior is not available in a suit under § 1983. Monell, 436 U.S. at 694; Archie v. City of Racine, 847 F.2d 1211, 1214 (7th Cir.1988); Gray v. Dane County, 854 F.2d 179, 182-184 (7th Cir.1988); Rascon v. Hardiman, 803 F.2d 269, 274 (7th Cir.1986).
 
 
 49
 The single incident of Mr. Collins' arrest is insufficient to impose municipal liability on the Wabash County Sheriff's Department (or its sheriff) unless there is proof that it was caused by an existing municipal policy attributable to a municipal policymaker. Oklahoma City v. Tuttle, 471 U.S. 808 (1974); Vukadinovich v. McCarthy, 901 F.2d 1439, 1143 (7th Cir.1990). Mr. Collins has pointed to no policy or custom of the Wabash County Sheriff's Department which would authorize arrest without probable cause or through the use of excessive force. Accordingly, Mr. Collins has failed to state a claim for relief against Wabash County or its sheriff.
 
 
 50
 Individual liability under 42 U.S.C. § 1983 must be based on personal responsibility. Jones v. City of Chicago, 856 F.2d 985, 992 (7th Cir.1988); Morales v. Cadena, 825 F.2d 1095 (7th Cir.1987); Schultz v. Baumgart, 738 F.2d 231, 238 (7th Cir.1984). Mr. Collins alleges no personal involvement of Sheriff Rice in either his August 8, 1989 arrest or the proceedings in his criminal case. Hence, as a matter of law, Mr. Collins' case demonstrates no right of recovery against Sheriff Rice. An official cannot be held liable simply because those subordinate to him allegedly violated an individual's constitutional rights. Monell v. Department of Social Services, 436 U.S. 658 (1978); Jones v. City of Chicago, 856 F.2d 985, 992 (7th Cir.1988); Rascon v. Hardiman, 803 F.2d 269 (7th Cir.1986).
 
 
 51
 Because Mr. Collins has no legal action against either the Wabash County Sheriff's Department or Sheriff Rice, the court will dismiss the claims against those parties. The remaining claims against the Wabash County defendants are those against the individual officers. For those reasons articulated below, those claims also must be dismissed as well.
 
 3.
 
 52
 Deputy Sheriffs Blakely and Stanley and Reserve Officer Haupert are charged with violating Mr. Collins' Fourth Amendment rights. They now claim entitlement to dismissal of those claims. For those reasons articulated below, the court concludes that the officers should be afforded qualified immunity from the events occurring during Mr. Collins' arrest and custody.
 
 
 53
 a.
 
 
 54
 The defense of qualified immunity protects government officials in certain contexts. Public officials performing discretionary functions are protected against suits for damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. Anderson v. Creighton, 483 U.S. 635 (1987); Harlow v. Fitzgerald, 457 U.S. 800 (1982). In determining whether an official is entitled to qualified immunity, the court must determine whether the challenged actions were objectively reasonable in light of the rights of the parties involved, Alvarado v. Picur, 859 F.2d 448 (7th Cir.1988); Navis v. Fond du Lac County, 721 F.Supp. 182 (E.D.Wis.1989); Simkunas v. Tardi, 720 F.Supp. 687 (N.D.Ill.1989); Woods v. City of Michigan City, 685 F.Supp. 1457 (N.D.Ind.1988), and whether the rights allegedly violated were clearly established at the time of the events in question. Hedge v. County of Tippecanoe, 890 F.2d 4 (7th Cir.1989); Schertz v. Wapuca County, 875 F.2d 578 (7th Cir.1989); Doe v. Bobbit, 881 F.2d 510 (7th Cir.1989), cert. denied, 110 S.Ct. 2560 (1990).
 
 
 55
 Because analysis of a qualified immunity claim is objective, the issue is properly resolved before trial. Polenz v. Parrott, 883 F.2d 551 (7th Cir.1989); Rakovich v. Wade, 850 F.2d 1180 (7th Cir.1988) (en banc). Although intertwined with the case's facts, the qualified immunity issue is an issue for the court. Alvarado v. Picur, 859 F.2d at 450; Simkunas v. Tardi, 720 F.Supp. at 690; Woods v. City of Michigan City, 685 F.Supp. at 1460. Mr. Collins bears the burden of overcoming the deputy sheriffs' claims of qualified immunity. Abel v. Miller, 824 F.2d 1522, 1534 (7th Cir.1987).
 
 
 56
 b.
 
 
 57
 Mr. Collins generally asserts that his arrest was unconstitutional and, specifically, was in violation of the Fourth Amendment. He further faults the arresting officers for improperly operating the breathalyzer device used to test him for the DWI charge. The court will deal with the last of these arguments first.
 
 
 58
 In asserting that the officers failed to properly administer the breathalyzer test, Mr. Collins attempts to raise a due process claim that he had a right to proper administration of that test. However, Mr. Collins has failed to show that he has any right to have such test administered prior to (or even after) his arrest. The first obligation of one bringing a procedural due process claim is to demonstrate a legitimate claim of entitlement that has been interfered with by a state actor. Kellas v. Lane, 923 F.2d 492, 494 (7th Cir.1990).
 
 
 59
 Mr. Collins was already in custody when he voluntarily agreed to participate in the breathalyzer test. As discussed below, the arrest was based on probable cause even without a breathalyzer test result. Mr. Collins asserts no actionable claim by his assertions in relation to the breathalyzer test.
 
 
 60
 c.
 
 
 61
 "The police have probable cause to arrest an individual where 'the facts and circumstances within their knowledge of which they have trustworthy information [are] sufficient to warrant a prudent [person] in believing that the [suspect] had committed or was committing' an offense." United States v. Reis, 906 F.2d 284, 290 (7th Cir.1990); United States v. DeSoto, 885 F.2d 354, 367 (7th Cir.1989). In this instance, the officers had an objectively reasonable belief that Mr. Collins had committed a crime. As Deputy Blakely's affidavit sets forth, Mr. Collins was travelling in excess of the speed limit and, from all appearances, he had been consuming alcohol prior to or during his trip. The breathalyzer test and field test further confirmed Officer Blakely's suspicions.
 
 
 62
 An arrest made on probable cause does not offend the Fourth Amendment. Williams v. Kobel, 789 F.2d 463 (7th Cir.1986); Moore v. Marketplace Restaurant, Inc., 754 F.2d 1336 (7th Cir..1985). Even a malicious or retaliatory motive, alleged but not shown by Mr. Collins, does not change that result. Mark v. Furey, 769 F.2d 1266, 1269 (7th Cir.1985). Mr. Collins appears to contend that certain conversations between himself and the arresting officers in a restaurant were the cause of his arrest. However, Mr. Collins never disputes those statements in Officer Blakely's sworn affidavit. Moreover, the breathalyzer test (and indeed Mr. Collins' ultimate conviction) confirms the fact that Mr. Collins was in fact committing a crime--operating a motor vehicle with a blood alcohol level of more than 10%.
 
 
 63
 Given the evidence available to them--the presence of both empty and full beer cans in Mr. Collins' car, the use of excessive speed, the commission of other moving violations, the presence of alcohol on Mr. Collins' breath, and a poor field-sobriety test--Deputies Blakely and Stanley and Reserve Officer Haupert acted with objective reasonableness in arresting Mr. Collins on August 8, 1989. See State v. Johnson, 503 N.E.2d 431, 432 (Ind.App.1987). Their good faith conduct warrants the protections of the doctrine of qualified immunity on Mr. Collins' Fourth Amendment claim.
 
 
 64
 d.
 
 
 65
 Mr. Collins also claims the officers used excessive force in his arrest. Mr. Collins does not raise this claim in his complaint, but suggests throughout his responses to the motions to dismiss that Officers Stanley and Blakely utilized excessive force.
 
 
 66
 In determining whether a law enforcement officer used "excessive force" in making an arrest, a court must look to the objective reasonableness of the officer's conduct. Graham v. Connor, 490 U.S. 386 (1989); Tennessee v. Garner, 471 U.S. 1 (1985); Chathas v. Smith, 884 F.2d 980 (7th Cir.1989), cert. denied, 110 S.Ct. 1169 (1990). In this instance, the court cannot find that Deputies Blakely and Stanley and Reserve Officer Haupert acted unreasonably in the force they used to arrest Mr. Collins. There is no evidence (or allegation) to confirm or suggest that the officers arrested Mr. Collins by using excessive force.
 
 4.
 
 67
 For those foregoing reasons, the court now finds that all constitutional claims against the Wabash County defendants should be dismissed.
 
 IV.
 
 68
 Mr. Collins' complaint also seeks injunctive relief against Judge Sposeep, Deputy Prosecutor Horine, and the Wabash County Sheriff's Department. He seeks an order preventing those individuals and the Department from engaging in criminal state proceedings against him. This court may not enjoin state court proceedings absent exceptional circumstances. Younger v. Harris, 401 U.S. 37, 41 (1971). Mr. Collins has not demonstrated that this case presents an instance for an exception to that well-established rule.
 
 
 69
 Mr. Collins' complaint also appears to seek some injunctive relief against this court.
 
 V.
 
 70
 For those reasons stated above, the court now GRANTS the motions to dismiss filed by all defendants, DENIES AS MOOT the plaintiff's motion for discovery, and directs the dismissal of this cause of action.
 
 
 71
 SO ORDERED.
 
 
 72
 /s/Robert L. Miller, Jr., Judge
 
 United States District Court
 
 73
 cc: Collins
 
 Nowak
 Guenin
 Blackmond
 Order book
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement has been filed, so the appeal is submitted on the briefs and record