**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**TIA R. BREWER**
Marion, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

FILED

Jul 24 2012, 9:10 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ASA G. WISLER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 27A05-1109-CR-492 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE GRANT SUPERIOR COURT
The Honorable Warren Haas, Judge
Cause No. 27D03-1103-CM-204

**July 24, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Asa G. Wisler appeals his conviction for class C misdemeanor operating a vehicle with an ACE of .08 or more,[1] arguing that the trial court abused its discretion in admitting the BAC DataMaster evidence ticket. Because the grounds for inadmissibility Wisler presents on appeal were not the grounds for his objection to the evidence at trial, they are not properly before us. Nevertheless, we conclude that the trial court did not abuse its discretion in admitting the evidence ticket. We affirm.

**Facts and Procedural History**

Around 3:20 a.m. on March 13, 2011, Grant County Deputy Sheriff Eric Fields was on duty, in uniform, and driving a marked police truck in Grant County. He observed Wisler stop his Chrysler LHS in the middle of the road, begin driving, and then stop again in the roadway. When Wisler stopped the second time, he stuck his hand out the window and motioned. Deputy Fields thought that the Chrysler had broken down and that Wisler was signaling for help, so he activated his police lights for safety, exited his vehicle, and approached Wisler.

Wisler presented his driver's license. They "talked a few minutes," and Wisler said that he was lost. Tr. at 6. Deputy Fields observed that Wisler had "glassy bloodshot eyes, his speech was a little slow," and he "seemed confused, as, especially why he was lost." *Id.* at 7. Deputy Fields also detected the odor of alcohol on his breath, and Wisler admitted that he drank a "couple shots of crown." *Id.* Based on his observations, Deputy Fields asked Wisler

---

[1] Ind. Code § 9-30-5-1(a).

2

to exit his vehicle and administered four field sobriety tests: the horizontal gaze nystagmus test, the walk-and-turn test, the one-leg stand test, and the portable breath test. Wisler failed all four tests. Deputy Fields concluded that Wisler was intoxicated and read him the Indiana implied consent law.[2] Wisler consented to take a chemical breath test, and Deputy Fields transported Wisler to the Grant County Jail and performed the test using the BAC DataMaster. The BAC DataMaster evidence ticket revealed that Wisler's BAC was .14 grams of alcohol per 210 liters of breath.

The State charged Wisler with class C misdemeanor operating a vehicle with an ACE of .08 or more. At his bench trial, Wisler objected to the admission of the BAC DataMaster evidence ticket on the basis that Deputy Fields lacked probable cause to believe that Wisler was intoxicated.[3] *Id*. at 33. The trial court overruled the objection and admitted the evidence ticket.[4] The trial court found Wisler guilty as charged.

**Discussion and Decision**

Wisler argues that the evidence ticket was inadmissible under the Fourth Amendment to the United State's Constitution and Article1, Section 11 of the Indiana Constitution, which

---

[2] Indiana Code Section 9-30-6-7 provides in relevant part, "If a person refuses to submit to a chemical test, the arresting officer shall inform the person that refusal will result in the suspension of the person's driving privileges."

[3] Indiana Code Section 9-30-6-2 provides, "A law enforcement officer who has probable cause to believe that a person has committed an offense under this chapter, IC 9-30-5, or IC 9-30-9, or a violation under IC 9-30-15 shall offer the person the opportunity to submit to a chemical test."

[4] Wisler did not object to Deputy Fields's testimony regarding his observations while talking to Wisler or the administration and results of the field sobriety tests. Tr. at 7-12. In fact, Wisler questioned Deputy Fields about his observations and the administration of the field sobriety tests in order to show that they did not establish probable cause to request the chemical breath test. *Id*. at 29-33.

3

protect individuals from unreasonable searches and seizures. Specifically, Wisler asserts that the "trial court should have sustained Wisler's objection to the admission of evidence obtained from his encounter with Deputy Fields because there was no reasonable suspicion justifying a police stop or subsequent administering of field sobriety tests." Appellant's Br. at 3. At trial, Wisler argued that Deputy Fields did not have probable cause to offer the chemical breath test. Thus, the grounds for inadmissibility that Wisler presents on appeal are different from the grounds upon which he objected to the evidence at trial. However, "a defendant may not argue one ground for an objection to the admission of evidence at trial and then raise new grounds on appeal." *Konopasek v. State*, 946 N.E.2d 23, 27 (Ind. 2011). Therefore, Wisler has waived this claim of error for appellate review.

Waiver notwithstanding, Wisler's argument fails. Before addressing his argument on the merits, we observe that "[w]e will reverse a trial court's ruling on the admissibility of evidence only when the trial court abused its discretion." *Cochran v. State*, 843 N.E.2d 980, 983 (Ind. Ct. App. 2006), *trans. denied*. "An abuse of discretion may occur if a decision is clearly against the logic and effect of the facts and circumstances before the court." *Id.* "When we review a trial court's ruling on the admissibility of evidence resulting from an allegedly illegal search, we do not reweigh the evidence, and we consider conflicting evidence most favorable to the trial court's ruling." *Reinhart v. State*, 930 N.E.2d 42, 45 (Ind. Ct. App. 2010).

We first address Wisler's argument that the police stop violated the Fourth Amendment because there was no reasonable suspicion justifying a police stop.[5] The Fourth Amendment provides in relevant part, "The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, shall not be violated[.]" However, "[n]ot every encounter between a police officer and a citizen amounts to a seizure requiring objective justification." *Overstreet v. State*, 724 N.E.2d 661, 663 (Ind. Ct. App. 2000), *trans. denied*. There are three levels of police investigation, only two of which implicate the Fourth Amendment. *Powell v. State*, 912 N.E.2d 853, 859 (Ind. Ct. App. 2009).

> First, the Fourth Amendment requires that an arrest or detention that lasts for more than a short period of time must be justified by probable cause.[6] Second, pursuant to Fourth Amendment jurisprudence, the police may, without a warrant or probable cause, briefly detain an individual for investigatory purposes if, based upon specific and articulable facts, the officer has a reasonable suspicion that criminal activity has [occurred] or is about to occur. The third level of investigation occurs when a police officer makes a casual and brief inquiry of a citizen, which involves neither an arrest nor a stop. This is a consensual encounter in which the Fourth Amendment is not implicated.

*Id.* (citations omitted).

---

[5] Although Wisler refers once to the Indiana Constitution, he presents no separate State constitutional analysis, and therefore we will not address his arguments on that basis. *See Myers v. State*, 839 N.E.2d 1154, 1158 (Ind. 2005) ("Where a party, though citing Indiana constitutional authority, presents no separate argument specifically treating and analyzing a claim under the Indiana Constitution distinct from its federal counterpart, we resolve the party's claim on the basis of federal constitutional doctrine and express no opinion as to what, if any, differences there may be under the Indiana Constitution.") (citation and quotation marks omitted).

[6] Probable cause is established where a sufficient basis of fact exists to permit a reasonably prudent person to believe that a search of the premises or person will uncover evidence of a crime. *Walker v. State*, 829 N.E.2d 591, 594 (Ind. Ct. App. 2005), *trans. denied.*

Here, the initial encounter between Wisler and Deputy Fields involved neither an arrest nor a stop. Wisler stopped *his* car in the roadway and waved his hand. Deputy Fields thought that he needed help and approached. Deputy Fields and Wisler talked, and Wisler said that he was lost. This is best described as a casual and brief consensual encounter. *See id.* (finding consensual encounter where officer approached parked vehicle in an unaggressive manner). Thus, the Fourth Amendment was not implicated.

Wisler next argues that his explanation for stopping should have been enough to satisfy Deputy Fields. He asserts that "[t]here was no good faith basis to believe Wisler had committed any offense which would have warranted further detention of Wisler or a request that he exit his vehicle for field sobriety tests." Appellant's Br. at 4-5. According to Wisler, "Without the results of the failed field sobriety tests, Deputy Fields had no other probable cause to detain Wisler and transport him to the Grant County jail for a certified breath test." *Id.* at 5.

This Court has previously stated that "[o]bjectively observed clear indications of intoxication include dilated pupils, bloodshot eyes, glassy eyes, and the odor of alcohol on the person's breath." *Frensemeier v. State*, 849 N.E.2d 157, 162 (Ind. Ct. App. 2006). Here, Deputy Fields talked with Wisler a few minutes during which time he noticed that Wisler had "glassy bloodshot eyes, his speech was a little slow," and he "seemed confused, as, especially why he was lost," and Deputy Fields detected the odor of alcohol on Wisler's breath. Tr. at 7. Further, Wisler admitted that he had a couple shots of alcohol. These are specific, articulable facts that support a reasonable suspicion that Wisler was driving while intoxicated

and support the brief detention of Wisler to administer the field sobriety tests.[7] *See State v. McCaa*, 963 N.E.2d 24, 30 (Ind. Ct. App. 2012) (stating that when officer has reasonable suspicion based upon specific and articulable facts that occupant of car is committing a crime, officer may briefly detain occupant to conduct limited "non-invasive" search such as a "pat down" for weapons, a license and registration check, or field sobriety tests). Accordingly, Deputy Fields's request that Wisler perform field sobriety tests was constitutional. Wisler then failed all four tests. Wisler does not argue that the results of the field sobriety tests failed to establish probable cause for Deputy Fields to offer him the chemical breath test. Accordingly, the trial court did not abuse its discretion in admitting the evidence ticket.

Affirmed.

VAIDIK, J., and BRADFORD, J., concur.

---

[7] The State argues that Deputy Fields's observations alone are sufficient to establish probable cause that a driver is intoxicated, citing *State v. Johnson*, 503 N.E.2d 431 (Ind. Ct. App. 1987), *trans. denied*. We think that the State's reading of *Johnson* is overly broad. The *Johnson* court stated that Johnson's speeding *and* the smell of alcohol emanating from him established probable cause to justify offering a breathalyzer test. *Id*. at 432. The *Johnson* court went on to emphasize that it was *not* implying that "a police officer may stop a vehicle the driver of which has done nothing wrong, and if he then observes indications of drinking base probable cause upon such observation." *Id*. at 433.