# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana



FILED
Nov 05 2013, 5:51 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1303-CR-140 |
| | ) | |
| WILLIAM GILBERT, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Richard Sallee, Judge
Cause No. 49F07-1212-CM-83786

**November 5, 2013**

**OPINION - FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

The State of Indiana appeals the trial court's decision to grant William Gilbert's motion to suppress, raising the following issue: whether Gilbert's arrest and transportation to a roll call site without first conducting field sobriety tests or administering a portable breath test violated his rights under the Fourth Amendment to the United States Constitution. Concluding the arresting officer had probable cause to suspect Gilbert was operating a vehicle while intoxicated, we reverse.

## Facts and Procedural History

On December 11, 2012, Officer Jeremy Johnson of the Indianapolis Metropolitan Police Department was observing traffic when he witnessed a vehicle, driven by Gilbert, roll through a stop sign. Officer Johnson initiated a traffic stop, and when he approached Gilbert's vehicle, he smelled a strong odor of alcohol. Upon request for his driver's license, Gilbert gave Officer Johnson a work identification card but was able to produce a driver's license after further prompting by Officer Johnson. Officer Johnson asked Gilbert to exit the vehicle, and Gilbert stumbled when he attempted to get out.

Officer Johnson detained Gilbert and radioed Officer Anthony Patz, who specializes in DUI investigation, for assistance. At Officer Patz's request, Officer Johnson transported Gilbert to a roll call site for further investigation. Officer Johnson initiated the twenty minute observation period required before conducting a chemical breath test and ensured that nothing was placed in Gilbert's mouth.

After Gilbert's arrival at the roll call site, Officer Patz conducted a horizontal gaze

nystagmus test, which Gilbert failed. Gilbert informed Officer Patz that he had bad knees, so additional field sobriety tests were not conducted. Officer Patz then administered a portable breath test, which tested positive for alcohol. Officer Patz read Gilbert the Indiana Implied Consent Law, and Gilbert agreed to take a chemical test to determine his blood alcohol level.

The State charged Gilbert with operating a vehicle while intoxicated, a Class A misdemeanor; operating a vehicle while intoxicated, a Class C misdemeanor; and failure to stop at an intersection, a Class C infraction. Gilbert filed a motion to suppress, and an evidentiary hearing was held on that motion. The trial court granted Gilbert's motion to suppress, concluding there was not probable cause to arrest Gilbert and transport him to the roll call site. The State dismissed all charges against Gilbert following the suppression and now brings this appeal.

## Discussion and Decision

### I.      Standard of Review

When reviewing a trial court's grant of a motion to suppress, the reviewing court determines whether the record contains "substantial evidence of probative value that supports the trial court's decision." State v. Washington, 898 N.E.2d 1200, 1203 (Ind. 2008) (citation omitted). We will not reweigh the evidence. Id. Because the State is appealing from a negative judgment, it must show that the trial court's decision to suppress was contrary to law.[1] Id. Determinations of reasonable suspicion and probable cause are reviewed de novo.

---

[1] We note that Gilbert did not file an Appellee's Brief in this case. When a defendant fails to file a brief in response, this court is not required to develop arguments on his behalf. State v. C.D., 947 N.E.2d 1018, 1021 (Ind. Ct. App. 2011). We may reverse the trial court's decision if the appellant establishes prima facie error—that is, error "at first sight, on first appearance, or on the face of it." Id. (citation omitted). But the burden remains on the State to establish the

3

Myers v. State, 839 N.E.2d 1146, 1150 (Ind. 2005).

## II.     Seizure of a Person

The State argues on appeal that probable cause existed such that Officer Johnson's decision to detain Gilbert and transport him to the roll call site did not violate Gilbert's right to be free from unreasonable searches and seizures. Specifically, the State maintains that the strong odor of alcohol along with Gilbert's acts of running a stop sign and stumbling when exiting his car constituted probable cause that justified the officer's decision to place Gilbert into custody.

> The Fourth Amendment to the United States Constitution provides:
>
> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

The Fourth Amendment's protection against unreasonable seizures includes seizure of a person. California v. Hodari D., 499 U.S. 621, 624 (1991). Under the Fourth Amendment, a person has been seized if, "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." United States v. Mendenhall, 446 U.S. 544, 554 (1980). An arrest qualifies as a "seizure" under the amendment. Ashcroft v. al-Kidd, 131 S.Ct. 2074, 2080 (2011). "[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." Devenpeck v. Alford, 543

trial court's decision was erroneous. Id.

4

U.S. 146, 152 (2004). "Probable cause exists where the facts and circumstances within their (the officers') knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed . . . ." Taylor v. State, 273 Ind. 558, 561, 406 N.E.2d 247, 249-50 (1980) (quoting Brinegar v. United States, 338 U.S. 160, 175-76 (1949)) (quotation marks omitted).

It is well-settled that an officer's detection of the odor of alcohol combined with other indicia of intoxication, like unsafe driving, constitutes probable cause to believe a person is driving while intoxicated. See, e.g., Baran v. State, 639 N.E.2d 642, 644 (Ind. 1994); Dalton v. State, 773 N.E.2d 332, 334 (Ind. Ct. App. 2002), trans. denied; State v. Johnson, 503 N.E.2d 431, 432 (Ind. Ct. App. 1987), trans. denied. Here, Officer Johnson smelled a strong odor of alcohol coming from Gilbert and observed Gilbert run a stop sign and stumble while attempting to exit his vehicle. These observations are sufficient to constitute probable cause, and therefore, Gilbert's arrest and transportation to the roll call site did not violate his rights under the Fourth Amendment.

A review of the suppression hearing transcript reveals that the trial court's error was based on two misunderstandings of Fourth Amendment jurisprudence. First, the trial court believed that removing Gilbert from the scene of the traffic stop was improper without first conducting field sobriety tests or administering a portable breath test. This mistaken belief stems from a confusion between the reasonableness of an investigatory stop and an arrest. It is true that an investigatory stop on "less than probable cause" (i.e. reasonable suspicion)

5

must be "temporary and last no longer than is necessary to effectuate the purpose of the stop . . . [and] should be the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time." Florida v. Royer, 460 U.S. 491, 500 (1983) (plurality opinion); see also Illinois v. Caballes, 543 U.S. 405, 419-20 (2005) (majority of Supreme Court citing Royer and recognizing limitations on investigatory stops). This limitation includes the length of a detention and the transfer of a suspect to a different location. See State v. McCaa, 963 N.E.2d 24, 29-33 (Ind. Ct. App. 2012), trans. denied. However, once probable cause is established, an arrest does not violate the Fourth Amendment, and the duration and scope limitations of the investigatory stop analysis are no longer in play. Cf. Dunaway v. New York, 442 U.S. 200, 212 (1979) (stating that investigatory stops are narrow intrusions justifiable by reasonable suspicion, "but any further detention or search must be based on consent or probable cause.") (emphasis omitted); see also Datzek v. State, 838 N.E.2d 1149, 1158 (Ind. Ct. App. 2005) ("The requirement that an officer use the least intrusive means of investigation during a Terry stop is necessary because the officer is making the stop without probable cause."), trans. denied. Here, even without conducting field sobriety tests or administering a portable breath test, the officer had probable cause to suspect Gilbert was driving while intoxicated. Therefore, Gilbert's seizure and removal from the scene did not violate his rights under the Fourth Amendment.[2]

Second, the trial court believed that cases such as Johnson, supra, were inapplicable

---

[2] We do not mean to suggest by our holding that police officers should routinely remove a suspect from the scene of a traffic stop before field sobriety tests are performed. We believe that best practice has been and continues to be the administration of field sobriety tests at the scene of a traffic stop, as this practice will either strengthen or dispel an officer's suspicions before subjecting a suspect to the inconvenience of an arrest.

because they dealt with probable cause justifying searches, not seizures. But the concept of probable cause is derived from the Fourth Amendment and is common among both searches and seizures. See Powers v. State, 440 N.E.2d 1096, 1103 (Ind. 1982) ("Although the above cited case dealt with probable cause for arrest, we feel the rationale is similar for probable cause in issuing a search warrant."), cert. denied, 461 U.S. 906 (1983). The probable cause necessary to offer a chemical breath test is the same probable cause that renders an arrest for operating a vehicle while intoxicated reasonable under the Fourth Amendment.

Finally, Gilbert argued at the suppression hearing that the officers' failure to inquire about his false teeth makes the chemical breath test results inadmissible. Although the trial court did not grant Gilbert's motion to suppress on this issue, such an argument could potentially be raised again at trial, and thus we will briefly address it here. In Guy v. State, our supreme court held that the presence of a tongue stud placed in the defendant's mouth more than twenty minutes before a breath test did not render the test inadmissible. 823 N.E.2d 274, 275 (Ind. 2005). The court examined the administrative code controlling the procedure for conducting a breath test and said "[t]he logical conclusion to draw from the department of toxicology's use of the word 'put' is that any foreign substance placed in a person's mouth more than twenty minutes prior to a breath test poses no problem for the reliability of the results." Id. at 276 (referring to 260 Ind. Admin. Code 1.1-4-8(1) ("The person to be tested must . . . not have put any foreign substance into his or her mouth or respiratory tract . . . within twenty (20) minutes before the time a breath sample is taken.")). Moreover, Justice Boehm's concurring opinion specifically stated that objects, including

7

"dentures," were not "foreign" within the meaning of the regulation "if ordinarily found in the person's mouth." Id. at 277 (Boehm, J., concurring). We believe our supreme court's decision in Guy precludes Gilbert's argument that his false teeth make the breath test results inadmissible.

## Conclusion

Because Officer Johnson had probable cause to suspect Gilbert was operating a vehicle while intoxicated, we conclude that Gilbert's arrest and transportation to the roll call site did not violate his rights under the Fourth Amendment.

Reversed.

RILEY, J., and KIRSCH, J. concur.