## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 09 2015, 8:31 am

CLERK
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEY FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Kasey Hutchins,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 9, 2015

Court of Appeals Case No.
34A04-1503-CR-133

Appeal from the Howard Superior Court;
The Honorable William C. Menges, Judge;
34D01-1207-FB-714

**May, Judge.**

[1] Kasey Hutchins appeals the revocation of his probation. He alleges the court abused its discretion by imposing the balance of his suspended sentence and erred in calculating the length of time that remained on his sentence. We affirm in part, reverse in part, and remand.

## Facts and Procedural History

[2] In August 2012, the State charged Hutchins with Class B felony dealing in a controlled substance[1] after he helped a confidential informant obtain Saboxone. Hutchins entered a plea of guilty pursuant to an agreement that capped his sentence at fifteen years. The court imposed a fifteen-year sentence to be served consecutive to a sentence from another cause, and it gave Hutchins credit for "155 actual days or 310 credit days, day for day credit, served while awaiting trial and disposition in this matter." (Appellant's App. at 34.) It reserved the right to modify Hutchins' sentence if he completed a therapeutic community program while in the custody of the Department of Correction (DOC).

[3] In November 2013, Hutchins petitioned for sentence modification. He told the court he had completed a therapeutic community program and asked that the court suspend the remainder of his sentence. On December 19, 2013, the court did so and ordered Hutchins to serve the remaining time on "supervised probation." (*Id.* at 50.) Hutchins was to report immediately upon release to Community Corrections. (*Id.*) As a condition of his probation, Hutchins was

---

[1] Ind. Code § 35-48-4-2(a)(1) (2011).

required to "successfully complete, and make satisfactory arrangements to pay for, the Howard County Re-entry Program." (*Id*.)

[4] On October 2, 2014, the State petitioned to revoke Hutchins' suspended sentence because he was terminated from the Re-entry Program. Hutchins admitted violating the terms of his probation. The State and Hutchins recommended[2] the court impose the following punishment for the probation violation: "[Hutchins'] suspended sentence shall be executed as follows: Three (3) years in the Indiana Department of Corrections [sic] with the remainder on Community Corrections In-Home Detention." (*Id*. at 64.)

[5] Thereafter, the Probation Department recommended Hutchins "serve the entire suspended sentence in the Department of Corrections [sic], all of which shall be executed." (*Id*. at 65.) The Probation Department so recommended because Hutchins "was given the chance to prove to the Court that he was able to follow rules and change his criminal thinking. However, he has failed to do so." (*Id*.) The County Transition Program agreed with the Probation Department's recommendation. (*Id*. at 67.)

[6] At the conclusion of the revocation hearing the court said, in pertinent part:

> I see absolutely no reason to impose a sentence in connection
> with this case that is less what he received in 2007. Particularly

---

[2] The Recommendation, which was signed by Hutchins, his counsel, and the deputy prosecutor, acknowledged "this is just a recommendation for the Court and the Court is not bound by this recommendation." (App. at 64.)

since he was offered the advantage of dealing with the re-entry program and all the benefits that successful completion of that would have brought with it, and the other issue that I have is that his failure in the re-entry program did not occur early in that program but it occurred after a relatively long period of time that involves behavior that he should have progressed through well before [he] committed the violation. Accordingly, I'm going to order the balance of the defendant's sentence executed. He is obviously entitled to some credit time. I do not have access to how much time he has served during the period of time that he was on re-entry as a result of sanctions. Accordingly, I will calculate the credit time and put that in the sentencing order. I will give you the right, [Hutchins' counsel], to object to my calculation and you can have a hearing on that so we're not going to be bound, necessarily bound by the earlier determined sentence.

[7] (Tr. at 21-22.) Then, in the written sentencing order, the court sentenced Hutchins "to the Indiana Department of Correction for the balance of the previously suspended sentence, with [sic] the Court finds to be 4419 days." (Appellant's App. at 69.) The court also gave "jail time credit in the sum of 125 actual days or 250 credit days, day for day credit, served while awaiting disposition in this matter." (*Id.*)

# Discussion and Decision

[8] We first note the State has not filed a brief. When an appellee does not file a brief, we are not required to develop an argument on that party's behalf. *State v. Gilbert*, 997 N.E.2d 414, 416 n.1 (Ind. Ct. App. 2013). Instead we "may reverse the trial court's decision if the appellant establishes *prima facie* error—that is,

error 'at first sight, on first appearance, or on the face of it.'" *Id.* (citation omitted).

[9] Hutchins argues the court abused its discretion by revoking all the suspended time that remained on his sentence.

> Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. It is within the discretion of the trial court to determine probation conditions and to revoke probation if the conditions are violated. In appeals from trial court probation violation determinations and sanctions, we review for abuse of discretion. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances, or when the trial court misinterprets the law.
>
> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of a condition of probation actually occurred. Second, if a violation is found, then the trial court must determine the appropriate sanctions for the violation.

[10] *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013) (internal citations and quotations omitted). The selection of an appropriate sanction for violation depends on the severity of the probation violation. *Id.* at 618. On review, "we consider only the evidence most favorable to the judgment without reweighing that evidence or judging the credibility of the witnesses." *Woods v. State*, 892 N.E.2d 637, 639 (Ind. 2008).

[11] Hutchins and the State agreed to recommend the court impose only three years in the Department of Correction, with the remainder of his time to be served

through Community Corrections on in-home detention. However, the Probation Department and Transitions Program both disagreed with that suggestion.

[12] Hutchins points to his "success" since being released from the DOC, (Appellant's Br. at 9), but most of the information on which he relies to demonstrate his success comes from the "unsworn statement" Hutchins read to the court after the close of evidence. (Tr. at 18.) Unsworn statements are not "evidence" on which a court may base a judgment. *See Smith v. State*, 471 N.E.2d 1245, 1248-49 (Ind. Ct. App. 1984) (deputy prosecutor's unsworn statement of medical expenses is insufficient to support restitution order), *reh'g denied*, *trans. denied*.

[13] At the hearing on the State's petition to revoke Hutchins' suspended sentence, the court explained that it saw "absolutely no reason" to impose a shorter sentence, (Tr. at 21), because Hutchins already had been "offered the advantage of dealing with the re-entry program and all of the benefits that successful completion of that would have brought with it," (*id.*), and his failure in that program had "occurred after a relatively long period of time," (*id.*), and "involve[d] behavior that he should have progressed through well before [he] committed the violation." (*Id.* at 22.) In light of the court's explanation, we find no abuse of discretion in the court's decision to order Hutchins to serve the remainder of his suspended sentence.

Finally, Hutchins asserts the court miscalculated the amount of credit time to be applied against his sentence. The only discussion of this matter at the hearing was the court's pronouncement that it did not have the information before it so the court would calculate the credit time after the hearing. The court entered an order that provided the "balance of the previously suspended sentence . . . to be 4419 days." (Appellant's App. at 69.) The court also found Hutchins had "125 actual days or 250 credit days" served while awaiting disposition of the probation revocation. (*Id*.)

Hutchins outlines the days to which he believes he is entitled, and he supports his argument with citations to the record that support his being incarcerated many of the additional dates he asserts he was incarcerated. (*See* Appellant's Br. at 10-11.) However, when the court originally imposed his sentence on January 2, 2013, the court ordered it "served consecutively to the sentence imposed in cause number 34D01-0606-FA-422." (Appellant's App. at 34.) As we have not been directed to evidence of when Hutchins was released from that other sentence to begin serving the sentence herein, we cannot determine the number of days to which Hutchins is entitled. Accordingly, we must reverse the court's finding and remand for a hearing to determine the time remaining on Hutchins' sentence.

## Conclusion

The court did not abuse its discretion when it revoked all of the time remaining on Hutchins' suspended sentence. However, on the record before us, we

cannot determine whether Hutchins received the credit time to which he was entitled. We accordingly affirm in part, reverse in part, and remand.

[17] Affirmed in part, reversed in part, and remanded.

Crone, J., and Bradford, J., concur.